**LITTON INDUSTRIES, INC., et al., Plaintiffs-Appellants,**

v.

**Rafael Hernandez COLON et al., Defendants-Appellees.**

No. 78–1182.

United States Court of Appeals, First Circuit.

Argued Sept. 15, 1978.

Decided Nov. 20, 1978.

Edelmiro Salas Garcia, Hato Rey, P. R., for plaintiffs-appellants.

Justo Gorbea Varona, Asst. Sol. Gen., Dept. of Justice, Puerto Rico, P. R., with whom Hector A. Colon Cruz, Sol. Gen. of the Com. of Puerto Rico, San Juan, P. R., was on brief for appellees.

Before KUNZIG, Judge, U. S. Court of Claims,* CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This 1983 civil rights action is based on the failure of defendants-appellees to honor the low bid of plaintiffs-appellants and purchase a quantity of text books from them. The case was dismissed by the district court for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). The central issue is whether the suit is barred by the eleventh amendment to the Constitution of the United States.[1]

---

* Sitting by designation.

1. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

We look first to the complaint, construing it liberally and assuming a factual basis for the allegations contained therein. The complaint alleges a "civil action between citizens of different states for specific performance, injunctive relief and damages." Para. 1. Jurisdiction is predicated on 28 U.S.C. § 1332 and 42 U.S.C. § 1983. Paragraph 3 describes the defendants as follows:

3. Defendant Ramon A. Cruz is the Secretary of Education of the Commonwealth of Puerto Rico and Defendant Pedro Pillot Ruiz is his agent and/or representative; Defendant Carlos R. Rios is the Secretary of Justice of the Commonwealth of Puerto Rico and as such is in charge of the agency which is under the duty to represent the Commonwealth in proceedings similar to the instant proceedings; the Governor of the Commonwealth of Puerto Rico is included as a party because the Department of Education, as created by law, is attached to and under the jurisdiction of his office.

It is then alleged in paragraphs 4, 5, 6, and 7 that plaintiffs entered into a written contract with the defendants for the preparation, editing, and publishing of books, that plaintiffs performed their part of the contract and "were notified, unexpectedly, that the Defendants allegedly lack the money to pay for the books which are to be published." Para. 7. Paragraph 8 of the complaint will be discussed *infra*. Paragraph 9 alleges that the Commonwealth of Puerto Rico and/or the Department of Education is a proper codefendant herein, "for having failed to perform under the contractual settlement reached by the parties hereto." Paragraph 10 reiterates the claim for relief, damages, and specific performance, and asks for $25,000 for attorney's fees.

■ There is no doubt that the complaint states a cause of action against the Commonwealth and/or the Department of Education of Puerto Rico for breach of contract, and it is equally clear that the elev-

enth amendment effectively bars such a claim. In *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1973), the Supreme Court, after reviewing the pertinent cases, stated the time-honored rule:

Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. *Great Northern Life Insurance Co. v. Read,* [64 S.Ct. 873, 88 L.Ed. 1121] *supra* ; *Kennecott Copper Corp. v. State Tax Comm'n.,* 327 U.S. 573, [66 S.Ct. 745, 90 L.Ed. 862] (1946).

We held in *Salkin v. Commonwealth of Puerto Rico,* 408 F.2d 682 (1st Cir. 1969), that sovereign immunity precluded federal jurisdiction of a tort action for damages against the Commonwealth even though a Puerto Rican statute authorized such action in the Commonwealth courts.[2] This holding was reaffirmed in *Yolanda Rios Cortes v. Commonwealth of Puerto Rico,* 422 F.2d 1308, *cert. denied,* 400 U.S. 837, 91 S.Ct. 76, 27 L.Ed.2d 71 (1970), in which we also specifically stated: "Nor is the principle of governmental immunity inapplicable merely because plaintiff is making a constitutional claim. *See Parden v. Terminal R. Co.,* 1964, 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed.2d 233."

Appellant seeks to avoid the consequence of *Edelman v. Jordan, supra,* on the grounds that its holding has been weakened, if not destroyed by *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). *Bitzer* was authored by Mr. Justice Rehnquist, who also wrote the majority opinion in *Edelman.* The holding is an exception to *Edelman* based on specific congressional action.

We think that Congress may, in determining what is "appropriate legislation" for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or

---

2. Under Puerto Rican law, authorization is given to sue the Commonwealth for breach of

contract in which the amount claimed does not exceed $15,000. 32 L.P.R.A. 3077.

state officials which are constitutionally impermissible in other contexts. *See Edelman v. Jordan,* 415 U.S. 651, [94 S.Ct. 1347, 39 L.Ed.2d 662] (1974); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, [65 S.Ct. 347, 89 L.Ed. 389] (1945). *Fitzpatrick v. Bitzer, supra,* at 456,[3] 96 S.Ct. at 2671.

There is no congressional legislation here anchored to "the enforcement power granted to Congress under § 5 of the Fourteenth Amendment." *Bitzer, supra,* at 456, 96 S.Ct. at 2671. *See Jagnandan v. Giles,* 538 F.2d 1166 (5th Cir. 1976), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977), holding that the fourteenth amendment did not, in the absence of legislation adopted pursuant to the enabling provision of the amendment, repeal the eleventh amendment.

The eleventh amendment effectively bars this contract action against the Commonwealth of Puerto Rico in the federal court.

The next issue is whether the complaint should also have been dismissed against the individual defendants. Part of this issue involves appellants' motion to amend their complaint by adding 28 U.S.C. § 1331(a) as an additional jurisdictional leg.[4] In its opinion dismissing the complaint, the district court denied the motion to amend on the grounds that the Commonwealth was the real party in interest, that the allegations as to the individual defendants were not sufficient to establish a cause of action under 42 U.S.C. § 1983 and that pleading 28

3. Nor do the other cases upon which appellants rely suggest a way around or through the eleventh amendment barrier. *Butz v. Economou,* —— U.S. ——, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), involved personal immunity of federal officials in the executive branch from claims for damages arising from their violations of citizens' constitutional rights. The Court in a carefully worded opinion held that federal executive officials exercising discretion were entitled only to qualified immunity, but qualified that holding by recognizing that certain executive officials required a full exemption from liability. The case did not concern sovereign immunity under the eleventh amendment.

*Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), did involve the eleventh amendment and carved out another exception to the *Edelman* rule over the dissent of Mr. Justice Rehnquist. The Court held that an award of attorney's fees to be paid out of Arkansas state funds was imposed because officials of the Department of Correction had acted in bad faith and the award served the same purpose as a fine imposed for civil contempt and vindicated the Court's authority over a recalcitrant litigant. The Court viewed the attorney's fees in the light of a penalty imposed to enforce a prospective injunction and felt that it fell within the ambit of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The Court also held that appellant's attorney's fees awarded under the Civil Rights Attorney's Fees Award Act of 1976 fell within the rule of *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), and, therefore, was not barred by the eleventh amendment immunity doctrine.

*Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), overruled *Monroe*

*v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, insofar as immunity from 1983 actions for municipalities is concerned. The opinion, however, did not even suggest that the eleventh amendment immunity of states was in any way affected.

The only link between the instant case and *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), is the statement, "The Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interests enjoying the statute of 'property' within the meaning of the Due Process Clause." 436 U.S at 9, 98 S.Ct. at 1560, 56 L.Ed. 2d 30. The case itself involved the cutoff practice of a municipally run light, gas and water utility and the Court found that the failure to provide notice of the cutoff and an opportunity to present a complaint of the consumer prior to cutoff deprived him/her of an interest in property without due process of law.

*Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), is completely inapposite. The case held that students who were suspended from public school without procedural due process were entitled to recover only nominal damages in the absence of proof of actual injury.

4. "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity."

U.S.C. § 1331 did not overcome the eleventh amendment barrier.

■ While there are statements in appellants' brief that imply conduct by the defendants suggestive of dealing in "sweetheart" contracts, our focus is limited to the allegations of the complaint. The question is whether a liberal reading of paragraph 8 can reasonably admit of a claim that the individual defendants deprived appellants of property without due process of law. Paragraph 8 reads as follows:

8. Plaintiffs claim that in addition to a contractual breach they are also being deprived of their rights to property (contractual rights) by the acts of the Defendants, all of which under color of law, merely on account of their refusal to acquiesce on [sic] the continued illegal purchase-sale of books by defendant Ramon Cruz, at considerable extra expense with other parties, which irregular sales said Defendants cannot justify and that the pretext now given may not be used to somehow void or cancell [sic] a validly entered into contract, inasmuch as an allegation of inadequate resources can never be adequate justification for depriving any person of his constitutional rights and equal treatment under the law.

Taking as broad a view of these allegations and the rest of the complaint as law and logic will permit, we are constrained to agree with the district court that the language is too indefinite and conclusory to allege a 1983 cause of action against the individual defendants.

As far back as 1887, the Supreme Court held that a suit against officers and representatives of a state is the same as against the state and the thrust of the eleventh amendment cannot be avoided. In re Ayers, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887).

■ It is true that an injunction could issue against individual defendants without violating the eleventh amendment, Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), Maria Santiago v. Corporacion de Renovacion, Etc., 554 F.2d 1210 (1st Cir. 1977), but it must be based on a valid cause of action alleged in the complaint. All that the complaint alleges, even taking the rejected motion to amend into consideration, is a breach of contract. The exclusive remedy for a breach of contract of this sort is damages for which the Commonwealth of Puerto Rico, and not the individual defendants, would be liable.

Even if we assume that there could be a valid claim for specific performance, such performance would have to be the purchase of the books by the Department of Education of the Commonwealth of Puerto Rico. The law in this regard was solidified long ago.

It is well settled that no action can be maintained in any federal court by the citizens of one of the states against a state, without its consent, even though the sole object of such suit be to bring the state within the operation of the constitutional provision which provides that "no state shall pass any law impairing the obligation of contracts." This immunity of a state from suit is absolute and unqualified, and the constitutional provision securing it is not to be so construed as to place the state within the reach of the process of the court. Accordingly, it is equally well settled that a suit against the officers of a state, to compel them to do the acts which constitute a performance by it of its contracts, is, in effect, a suit against the state itself.

Pennoyer v. McConnaughy, 140 U.S. 1, 9, 11 S.Ct. 699, 701, 35 L.Ed. 363 (1891). See also Murray v. Wilson Distilling Co., 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (1909).

The district court was also correct in ruling that adding 28 U.S.C. § 1331 to the complaint did not avoid the jurisdictional impact of the eleventh amendment.

■ The remedy for what appears to be an egregious breach of contract by the Department of Education of the Commonwealth of Puerto Rico lies solely in the courts of the Commonwealth.

No costs to either party.

Affirmed.