**Elizabeth A. ECKL, Plaintiff,**

v.

**CITY OF BOSTON et al., Defendants.**

**Civ. A. No. 76–1091–C.**

United States District Court,
D. Massachusetts.

Sept. 24, 1979.

Jordan B. Hadgi, Boston, Mass., for plaintiff.

Carol E. Nesson, Asst. Corp. Counsel, City of Boston, Law Dept., Terry P. O'Malley, Asst. Atty. Gen., Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil rights action in which plaintiff alleges sexually discriminatory employment practices and seeks declaratory and injunctive relief, as well as actual and punitive damages for mental distress, back pay, reimbursement for lost benefits, attorneys fees, and costs for herself and for other similarly situated female persons. A memorandum and order of this court filed on September 30, 1977 dismissed all claims of plaintiff brought under the Thirteenth Amendment, 42 U.S.C. § 1981, and 42 U.S.C. § 1985, as well as claims brought by plaintiff for damages against City officials under 42 U.S.C. § 1983 and for compensatory and punitive damages under 42 U.S.C. § 2000e. In addition, the court dismissed all claims based on discriminatory conduct alleged to have occurred between April, 1971 and March 18, 1973. The court refused to dismiss claims brought under the Fourteenth Amendment; claims for injunctive and declaratory relief against City and State officials based on 42 U.S.C. § 1983; claims for damages against State officials based on 42 U.S.C. § 1983; claims based on 42 U.S.C. § 1988; and Title VII claims for back pay, reimbursement, injunctive and declaratory relief. The case is now before the court on a motion filed on behalf of the City of Boston to dismiss on the ground of mootness the remaining claims brought against the City officials.

Plaintiff and all members of the alleged class held provisional appointments to various positions of employment in the Department of Health and Hospitals (Health Department) of the City of Boston. All such positions are governed by the civil service laws and regulations of the Commonwealth of Massachusetts. Mass.Gen.Laws. ch. 31. Plaintiff held from April, 1971 until September, 1978 provisional appointment as an "Administrative Assistant" to the Health Department. The defendants are the City of Boston, the Deputy Mayor and Director of Boston's Department of Administrative Services (Sullivan), the Health Department's Deputy Commissioners for Personnel (Moylan) and for Community Health Services (Pollack), the five members of the Civil Service Commission (Miclette, Budd, Healey, Linded and Donegan), and the Director of Personnel Administration for the Commonwealth of Massachusetts (Kountze). All individual defendants are named in their representative capacity only.

The gravamen of the complaint is that the defendants engaged in the practice of the provisional appointment of women to certain positions within the Health Department and then delayed and impeded the prompt and efficient examination of persons to fill such positions on a permanent basis. In particular, plaintiff alleges that the City defendants denied her an opportunity for permanent status by their failure to effectuate a prompt and fair evaluation of her position and to report such evaluation to the Personnel Administrator of the Commonwealth of Massachusetts (Personnel Administrator) thereby depriving plaintiff of an opportunity to take a competitive examination for appointment to her position on a permanent basis.

At the time plaintiff brought this action she sought to enjoin the holding of a "banded" civil service examination for the position of administrative assistant. A "banded" examination is a single competitive examination given to all applicants for a given type of position—in this case, that of administrative assistant. Plaintiff contends that any examination given to her before 1975 would have been designed specifically for her individual position. She asserts that the policy of giving "banded" examinations, instituted by the Personnel Administrator after 1975, has had an adverse affect on women employed on a provisional basis. Apparently, plaintiff does not challenge the policy of giving "banded" examinations but claims that defendants had an affirmative duty, based on defendants' past discriminatory conduct, to take remedial action, i. e.,

to fill positions formerly held by provisional appointees in some manner other than by a "banded" examination.

Nevertheless, in April, 1978 the Commonwealth administered a "banded" examination for the position of administrative assistant. Plaintiff took the examination but expressly reserved the right to challenge the use of the results thereof to fill her position. On August 21, 1978, the Personnel Administrator certified, pursuant to Mass.Gen.Laws Ch. 31, § 12, to the Health Department a list of persons eligible for permanent appointment to administrative assistant positions in order of their examination scores, and, notified the Health Department that the provisional appointment of plaintiff and other administrative assistants must terminate thirty days thereafter in accordance with Mass.Gen.Laws Ch. 31, § 14. Plaintiff's name appeared seventy-third among the one hundred and eighty-six persons on the certified list and twenty-third on the list of such persons willing to accept appointment as an administrative assistant with the Health Department. Plaintiff's name was lowest on the list of eligible applicants for the administrative assistant positions with the Health Department.

For reasons which I will assume do not bear on plaintiff's status,* the Health Department did not notify eligible applicants to report for interviews for available positions until April 20, 1979. At that time there existed four openings in the area of Emergency Services and three, later reduced to two, openings in the area of Support Services. Plaintiff applied only for the positions in Support Services and was interviewed for same. The Health Department has now filled those positions with persons who obtained higher civil service rankings than that of plaintiff.

* The Health Department apparently sought from the Personnel Administrator separate civil service eligibility lists for minority and female applicants for administrative assistant positions. The Personnel Administrator determined not to issue separate eligibility lists. A dispute arose however between the Massachusetts Commission Against Discrimination and

On these facts, the City filed its motion to dismiss for mootness. It contends that the plaintiff's remaining claims are mooted by the exam results. The City asserts that plaintiff is not entitled to back pay because she has been receiving since 1973 the highest salary payable to an administrative assistant in plaintiff's grade, whether provisional or permanent. It further asserts that any other relief is based on the purely speculative assumptions that plaintiff would have obtained a high score on an examination given prior to 1975 and that plaintiff would have been selected on the basis of that score and through interviews as the permanent appointee to her position.

 The issue on a motion to dismiss for mootness is whether there remains a live controversy between parties having adverse legal interests. The case or controversy requirement of Article III of the Constitution dictates that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975), *quoting Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). There must exist "a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). "[J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur [and] (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440

the Personnel Administrator which focused on the applicable standard for determining underutilization of minority groups and female persons before issuing separate civil service eligibility lists. Apparently the dispute still persists but plaintiff does not claim that resolution thereof would affect her status.

U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (cites omitted).

The question then is whether the case as it stands now shows that there is a substantial controversy, between the plaintiff and the City defendants, which admits of specific relief through a decree of the court. I note at the outset that since this court entered its earlier order dismissing the damages action brought against the City officials under 42 U.S.C. § 1983 and denying dismissal of the claim brought under the Fourteenth Amendment, there have been significant changes in the law of municipal immunity. First, the Court of Appeals for the First Circuit held in *Kostka v. Hogg*, 560 F.2d 37 (1st Cir. 1977), that it is unwilling to create vicarious municipal liability under the Fourteenth Amendment, thereby preventing an "end run" around the proscription of 42 U.S.C. § 1983. Second, and more importantly in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court overturned the long-standing rule of *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and held that local governing bodies and local officials sued in their official capacity can be sued directly under 42 U.S.C. § 1983 for monetary relief when it is alleged that the constitutional deprivation is a result of official policy or governmental custom.

In light of *Monell* and having in mind that this case is still in the pre-trial stage, I am inclined not to invoke the law of the case doctrine and to withdraw the court's earlier order dismissing the § 1983 damages action brought against City officials. The law of the case doctrine is a rule of practice, not a limitation of a court's power, *Cochran v. M & M Transp. Co.*, 110 F.2d 519, 522 (1st Cir. 1940), which a court will normally apply to the same issues in subsequent proceedings in a case. But that doctrine is "not an inexorable command, and must not be utilized to accomplish an obvious injustice." *Id.* at 521. It is further "impaired by the duty of a federal court to apply new and supervening rule of applicable law so long as the action is *sub judice*." 1B Moore's Federal Practice ¶¶ 0.404[1][10]. *Cf. Burns v. Massachusetts Institute of Technology*, 394 F.2d 416, 418 (1st Cir. 1968) (court was not bound to perpetuate error if it later believed it had committed such).

Here the major portion of plaintiff's allegations of discriminatory conduct involve the City officials. To allow the City defendants to erect a shield torn down by the Supreme Court in *Monell*, for their alleged past discriminatory conduct would render a grave injustice upon plaintiff. The creation of municipal liability during the pendency of this case dictates that the court should depart from the previously established rule of the case. Plaintiff may maintain an action under § 1983 for damages against the City defendants. Accordingly, an order should enter withdrawing that part of the court's order of September 20, 1977 dismissing the claim brought by plaintiff for damages against City officials under 42 U.S.C. § 1983.

Turning back to defendants' motion to dismiss the remaining claims for mootness, I note that "[j]udicial action clearly has sufficient impact to avoid a mootness conclusion if there is a viable claim for damages." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3533, at 272 (1975). Here plaintiff has a viable claim for damages on account of alleged past discriminatory conduct which requires disposition on the merits, *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), and not on a motion to dismiss for mootness. Plaintiff's claim that practices of City officials constituted an intentional and purposeful discrimination constituting a denial of equal protection of the laws would, if proven, establish a constitutional violation which would admit of specific relief in the form of damages. *See Harrison v. Brooks*, 446 F.2d 404 (1st Cir. 1971). Accordingly, an order should enter denying the City defendants' motion to dismiss for mootness.