Elizabeth A. ECKL
vs.
The CITY of BOSTON; Kathleen MOYLAN, as she is Acting Deputy Commissioner for Personnel, Department of Health and Hospitals of the City of Boston, et al

Civ. A. No. 76-1091-C

United States District Court
D. Massachusetts

February 25, 1981

</div>

---

Jordan B. Ḥadgi for the plaintiff.
Carol Nesson, Asst. Corp. Counsel, Terry O'Malley, Betty Waxman, Asst. A.G., for the defendants.

## ORDER

CAFFREY, Ch. J. In accordance with

memorandum filed this date, it is ORDERED:

The motion for summary judgment on all claims by defendants Kountze, Miclette, Budd, Linden, and Donegan is allowed. Complaint dismissed as to them.

## MEMORANDUM

The complaint herein alleges that the City of Boston, its officials, and certain officials of the Commonwealth of Massachusetts discriminated against the plaintiff on the basis of sex during the time that plaintiff was a provisional appointee in the City of Boston's Department of Health and Hospitals from April 1971 until September 1978. After several pre-trial orders and subsequent discovery,[1] the case is before the Court on a motion of the state defendants for summary judgment on all of the following claims: a claim for damages under 42 U.S.C. § 1983 and the Fourteenth Amendment; a claim for declaratory and injunctive relief under the same provisions; and a claim for back pay, reimbursement, injunctive and declaratory relief under Title VII, 42 U.S.C. 2000e et seq.[2]

State officials have been merely at the periphery of this litigation, which focuses on allegedly discriminatory employment by city officials, from the outset. The state defendants were named defendants when the complaint was filed in 1976 because civil service laws and regulations of the Commonwealth of Massachusetts, G.L. c. 31, governed the plaintiff's provisional position at the time of alleged discrimination, even though the plaintiff worked for the Department of Health and Hospitals of the City of Boston. The then Director of Personnel Administration for the Commonwealth of Massachusetts, Wallace Kountze, was sued in his official capacity, as were Miclette, Budd, Linden, and Donegan, then members of the Civil Service Commission of the Commonwealth of Massachusetts.

The complaint alleges that the "defendants", and it frequently fails to distinguish city from state officials as "defendants", engaged in a range of discriminatory practices while the plaintiff was a provisional employee of the city. The plaintiff contends that practices which directly affected her included: delayed job audits and job descriptions for provisional female appointees; no individualized examinations; retaliatory actions against female employees' limiting job responsibilities; failure to proceed with any affirmative action for women; and use of "banded examinations" to the detriment of then provisional female appointees. Few of the allegations, except the one pertaining to the Personnel Director's approval of "banded examinations," relates directly to the state defendants.

The § 1983 and Fourteenth Amendment claim for damages against state officials fails first on the ground of sovereign immunity. The state defendants were sued in their official capacities and it is well-established that "a federal court's remedial power, consistent with the Eleventh Amendment, . . . may not include a retroactive award which requires the payment of funds from the state treasury." **Edelman v. Jordan, 415 U.S. 651 at 677 (1974); Litton Industries, Inc. v. Colon, 587 F.2d 70 (1st Cir. 1978).** The damage claim against state officials calls for such an award and is squarely barred by the **Edelman** principle.

Additionally, I rule that the state defendants are entitled to summary judgment on the damage claim on the basis of a qualified immunity. Consistent with the pleading requirements of **Gomez v. Toledo, ___ U.S. ___, 100 S.Ct. 1920, 64 L. Ed. 2d 572 (1980),** the state defendants have pleaded a "good faith" defense, emphasizing that their actions were undertaken with a reasonable belief in their legality. An unopposed affidavit was submitted in support of such belief. Although qualified immunity is a state of mind defense which often

---

[1] The formative orders were issued on September 30, 1977 and September 24, 1979. The latter memorandum, Eckl v. City of Boston, et al. 476 F.Supp. 1014 (D.Mass. 1979), reviews the origin and development of the claims in the case up to that point in time.

[2] It should be clear, if it has not been up to now, that plaintiff's allegations under 42 U.S.C. § 1988 do not create an independent cause of action. Moore v. County of Alameda, 411 U.S. 693 at 703-6 (1973); Harding v. American Stock Exchange, Inc., 527 F.2d 1366 at 1370 (5th Cir. 1976); Post v. Payton, 323 F.Supp. 799 (E.D.N.Y. 1971).

renders summary judgment inappropriate, this Court may still grant a summary decision on the basis of that defense in order to screen out frivolous claims, **Maiorana v. MacDonald,** 596 F.2d 1072 (1st Cir. 1979). The plaintiff offered no counter-affidavits on the good faith defense of the state officials, nor is there a hint in any of the discovery material of anything other than their best of intentions, and I rule that there is no genuine issue of material fact on the defense of qualified immunity.

The state officials also are entitled therefore to summary judgment on the § 1983 and Fourteenth Amendment claim for declaratory and injunctive relief. While this claim survives a defense of sovereign immunity, **Maria Santiago v. Corporacion de Renovacion Urbana y Vivienda,** 554 F.2d 1210 (1st Cir. 1977), it is precluded by a finding of qualified immunity. Moreover, injunctive relief is moot since the plaintiff is no longer an employee of the city and the state defendants are no longer in office. Finally, the Court observes that the plaintiff fails, in any event, to meet the minimal factual standard necessary to avoid summary judgment on her § 1983 claims against state officials.

The record is barren of any evidence of purposeful discrimination by state officials in their decision to administer "banded examinations." The then Civil Service Commission members had no personal participation in the testing or job placement and review of the plaintiff. As already mentioned, the affidavit of Kountze, then Personnel Director of the Commonwealth, is uncontradicted. The deposition of the plaintiff offers no evidence of discriminatory actions or motive by the state defendants. At most it claims that the officials merely failed to act as aggressively as they could have to permanently place women. There is no "indication" that the plaintiff "can produce the requisite quantum of evidence to enable" her to reach the jury with a claim of purposeful discrimination against the state defendants. **Hahn v. Sargent,** 523 F.2d 461, 468 (1st Cir. 1975).

The plaintiff has asserted a third claim against state officials Kountze, Miclette, Budd, Linden and Donegan based on Title VII, 42 U.S.C. 2000e et seq. As to this claim, the sovereign immunity defense of **Edelman v. Jordan, supra,** is inapplicable. **Fitzpatrick v. Bitzer,** 427 U.S. 445 (1976). The legal standard of discrimination under Title VII involves less rigorous proof by the plaintiff than that required for constitutional violations under 42 U.S.C. § 1983. Discriminatory impact may well be enough under Title VII, **Dothard v. Rawlinson,** 433 U.S. 321 (1977), whereas **Washington v. Davis,** 426 U.S. 229 (1976), requires more to establish a constitutional wrong. Here too, however, the plaintiff must meet the minimal standard of **Hahn v. Sargent, supra,** to avoid summary judgment for the defendants. I rule that she fails on this claim as well. The thin factual contentions that appear in the record are directed toward city officials rather than state defendants. No evidence exists indicating the discriminatory impact of "banded examinations." The record suggests that just the opposite might be true; "banded examinations" may help ensure the fair and efficient promotion of individuals based on capability and merit. The plaintiff made no submissions on this summary judgment motion, and nothing in the record even hints at statistical or qualitative support for a Title VII allegation against the state defendants.

The Court notes that the above ruling leaves the action still pending as against the city defendants who as of this date have not filed their motion raising the question as to whether or not the defense of qualified immunity also extends to them.

Order accordingly.

> **Andrew A. Caffrey, Ch. J.**
> **United States District Court**