**Desio Rabal PINTO, Plaintiff, Appellant,**

v.

**UNIVERSIDAD DE PUERTO RICO, Defendant, Appellee.**

No. 89–1781.

United States Court of Appeals, First Circuit.

Heard Jan. 12, 1990.

Decided Jan. 29, 1990.

Arturo Aponte Pares, with whom Jorge J. Oppenheimer Mendez, Santurce, P.R., was on brief for plaintiff-appellant.

Luis M. Vazquez Rodriguez, Carolina, P.R., with whom Elisa Bobonis Lang and University of Puerto Rico Office of Legal Affairs, were on brief for defendant-appellee.

Before SELYA, ALDRICH and CYR, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

This is a diversity action under 28 U.S.C. § 1331, citing the jurisdictional amount, with a civil rights claim under 42 U.S.C. § 1983, seeking damages and an injunction because of defendant Universidad De Puerto Rico, hereinafter the University, refusing to recognize that, contractually, plaintiff had professorial tenure. The University moved to dismiss, accompanied with a brief asserting that it was an arm of the state, and hence protected by the Eleventh Amendment. Plaintiff failed to oppose, and some months later the court, in a considered opinion, granted the motion. Only then did plaintiff appear, moving for reconsideration. The court denied this motion, and plaintiff appeals. We affirm.

The court's analysis and conclusion that the University is an arm of the state within the purview of the Eleventh Amendment is quite correct. We so stated, by way of dictum, in *Perez v. Rodriguez Bou,* 575 F.2d 21, 25 (1st Cir.1978), and we affirmed without opinion, at 815 F.2d 691 (1st Cir.1987), what was at least an alternative holding of the district court in *Amelunxen v. University of Puerto Rico,* 637 F.Supp. 426 (D.P.R.1986). Further applicable reasoning is to be found in our recent case of *Plaintiffs' Steering Committee v. Tourism Company of Puerto Rico,* 888 F.2d 940 (1st Cir.1989). That the University cannot be liable in damages is clear.

In his motion for reconsideration plaintiff sought to enlarge his complaint, and allege that the University is nevertheless a "person" subject to an injunction under § 1983, at least through its officers. He cites no cases supporting this, but *cf. Gay Student Services v. Texas A & M University,* 612 F.2d 160 (5th Cir.), *cert. denied,* 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980). Plaintiff introduced this contention with the phrase, "We must remind the Court...." On appeal he says, "With this new insight we must review the issue before the Court."

We do not agree with defendant that a court may, without notice, take a failure to respond to a motion to dismiss as a default, warranting dismissal irrespective of substantive merit.[1] At the same time, the court, before deciding, was not obliged to wait indefinitely for plaintiff to respond to the motion, by memorandum or otherwise, and, in its discretion, it was warranted in concluding that plaintiff intended to file nothing. The court has no obligation to play nursemaid to indifferent parties.

Moreover, the court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her. It is enough to view the basic complaint. In this instance the complaint failed to contain the allegations which plaintiff now wishes called to mind. Regardless of whether such might have merit—as to which we express no opinion—the court was within its discretion in refusing so-called reconsideration.

*Affirmed.*

See also, 126 N.H. 631, 495 A.2d 1269.

---

1. *Cf. Jaroma v. Massey,* 873 F.2d 17 (1st Cir. 1989); *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1306 n. 6 (7th Cir.1988). To be distinguished is where a court had ordered a memorandum, *Alameda v. Secretary of Health, Education & Welfare,* 622 F.2d 1044, 1047–48 (1st Cir.1980), and, of course, cases where a response was required by rule. *United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops,* 857 F.2d 46 (1st Cir.1988); *Corey v. Mast Road & Bldg. Materials Co., Inc.,* 738 F.2d 11 (1st Cir. 1984).