**Ledy M. SILVA, Plaintiff,**

v.

**UNIVERSIDAD DE PUERTO RICO, et al., Defendants.**

Civ. No. 93–1022(PG).

United States District Court, D. Puerto Rico.

Oct. 22, 1993.

Dennis A. Simonpietri, Hato Rey, PR, for plaintiff.

Pedro J. Salicrup, Hato Rey, PR, for defendants.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The prologue to this opinion may be found in this Court's previous opinion *Silva v. Universidad de Puerto Rico*, 817 F.Supp. 1000, 1001–1005 (D.P.R.1993). There, the Court determined that, pursuant to 29 C.F.R. § 1601.74 n. 5, the EEOC filing deadline for Title VII sexual harassment and retaliation claims against the University of Puerto Rico ("UPR")—an instrumentality of the Commonwealth—is 180 days. *Id.* at 1004.[1] The Court, however, left pending the issue of whether plaintiff complied with the necessary administrative prerequisites so as to properly bring the instant suit in this forum.[2]

#### Discussion

#### (i) Sexual harassment claim

After reviewing the parties' memoranda and supporting evidence, it is clear that plaintiff did not file her sexual harassment claim before the EEOC within the prescribed 180 days after the date of the alleged incident. Plaintiff herself admits this. However, she contends that her claim was equitably tolled.

Although the discriminatory act sets the hands of the Title VII limitation clock into motion, equitable principles nonetheless permit a court to toll said limitations period where the plaintiff was reasonably unaware of his or her available avenues for redress. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Plaintiff contends that her limitations period was tolled because (i) the University failed to post statutorily required notices[3] and (ii) the University purposefully mislead her regarding her rights. If these

---

1. Plaintiff twice moved for reconsideration of this issue. Both motions were denied. *See* 817 F.Supp. at 1008 and the Court's August 11, 1993 Opinion and Order.

2. The Court granted both parties ample time in which to address this issue via properly supported motions for summary judgment. 817 F.Supp. at 1005.

3. *See* 42 U.S.C. § 2000e–10(a).

two allegations are indeed true, plaintiff's filing deadline quite possibly would have been extended. *See Earnhardt v. Commonwealth of Puerto Rico,* 691 F.2d 69, 73 (1st Cir.1982). The Court nonetheless concludes from the evidence before it that the chain of causation between the University's alleged improper actions and the expiration of plaintiff's Title VII clock was severed by the fact that plaintiff consulted an attorney *before* the prescribed 180–day time period expired. This in turn precludes the application of equitable tolling to the case at bar.

Numerous courts, both district and appellate, have considered the issue of whether consulting an attorney before the EEOC deadline expires precludes a plaintiff from invoking the doctrine of equitable tolling. The vast majority, including our own Circuit, have answered this question in the affirmative. *See, e.g., Cano v. United States Postal Service,* 755 F.2d 221, 222 (1st Cir.1985) (plaintiff who consulted with an attorney prior to limitation period charged with constructive notice of Title VII procedural requirements); *Polsby v. Chase,* 970 F.2d 1360, 1363–64 (4th Cir.1992) (plaintiff who consulted with attorney during time limit to file Title VII complaint barred from invoking doctrine of equitable tolling even though attorney's advice was erroneous); *Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 47 (2d Cir.1978) (plaintiff who consulted attorney within Title VII time limit barred from invoking doctrine of equitable tolling); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1200 n. 8 (5th Cir.1975) (plaintiff who consulted with attor-

ney within time period had "means of knowledge" of his ADEA rights); *Reifinger v. Nuclear Research Corp.,* 1992 WL 368347 *2 (E.D.Pa.) (plaintiff who consulted attorney within limitations period barred from invoking equitable tolling doctrine even where the attorney erroneously informed him about administrative filing deadlines); *Peterson v. City of Wichita,* 706 F.Supp. 766, 773 (D.Kan.), *rev'd on other grounds,* 888 F.2d 1307 (10th Cir.1989) (plaintiff unable to claim ignorance of the law because of his consultation with legal counsel); *Moody v. Bayliner Marine Corp.,* 664 F.Supp. 232, 236 (E.D.N.C.1987) (plaintiff consulted with legal counsel prior to expiration of limitations period). *See also Rose v. Dole,* 945 F.2d 1331, 1335–36 (6th Cir.1991) (equitable tolling not appropriate where plaintiff admitted he did not consult with attorney during limitations period because he was waiting to hear from his unemployment application and also went on vacation); *Pruet Production Co. v. Ayles,* 784 F.2d 1275, 1280 (5th Cir.1986) (limitations period not tolled where plaintiff was an attorney, though not experienced in employment discrimination law). This Court finds itself in accord with the holding of these cases.

In the case at bar, it is undisputed that plaintiff consulted an attorney from the Puerto Rico Women's Affairs Commission[4] prior to the termination of her 180–day period. *See* UPR's Exhibit B.[5] Plaintiff even admits that an attorney employed by said Commonwealth agency advised her that she could take her complaint to the Commonwealth's Department of Labor.[6] *See* Plain-

---

4. The Commission was created in 1973 by the Commonwealth Legislature in order to "direct and participate in investigations and in the preparation of surveys about the factors affecting women's rights in the bosom of the family and in the fields of education, employment, civil and political rights, labor legislation, taxes, social security, election procedures, community activities and related matters". 1 L.P.R.A. § 304(a). Another of the purposes behind its creation was to institute those legal actions it deems appropriate on behalf of women victims of sex discrimination. 1 L.P.R.A. § 304(c). *See generally,* 1 L.P.R.A. § 301 *et seq.; Laws of Puerto Rico* 1973, p. 157–163; 1990, p. 1443–6 (amendments).

5. Plaintiff was allegedly sexually harassed by her supervisor on *August 9, 1990.* The letter from

Attorney Aleida Varona Méndez is dated *December 26, 1990*—almost *two* months *prior* to the expiration of plaintiff's 180 days.

6. The Court notes from the law creating the Commission, particularly 1 L.P.R.A. § 304(c) and (e), that the same is empowered to fully assist plaintiff in handling the instant matter.

Proviso (c) states that the Commission is empowered to "institute the actions it may deem appropriate *before the Courts of Puerto Rico* in [sic] behalf of interested parties or *before any instrumentality,* political division or subdivision of the Commonwealth of Puerto Rico, *to forbid the carrying out of discriminatory acts on account of sex.*"

Proviso (e) states that the Commission is empowered to "cooperate and exchange informa-

tiff's Statement of Uncontested Facts at ¶ 40. The Department of Labor's Antidiscrimination Unit, by virtue of its worksharing agreement with the EEOC,[7] would then have referred the matter to the latter agency. In view of these facts, the Court finds it inappropriate to invoke the doctrine of equitable tolling in this case.[8]

*(ii) Retaliation claim*

▮ Plaintiff has submitted as evidence of the timeliness of her retaliation charge against the UPR a copy of her complaint filed before the Commonwealth Department of Labor on *April 26, 1993. See* Plaintiff's Exhibit at pages 157–58. In the same, plaintiff alleges that the UPR instituted retaliatory proceedings against her on *October 28, 1992.*

The Court, based on the above mentioned evidence, finds that plaintiff has presented prima facie proof that her retaliation claim was timely filed within the prescribed 180–day period. *See* 29 C.F.R. § 1601.74 n. 5. Nonetheless, the Court does not find this evidence sufficient so as to dictate the entry of summary judgment in her favor at this juncture. Additional evidence on the UPR's alleged retaliatory proceeding is needed for this. The parties are thus granted additional time to fully address this issue via fully supported motions for summary judgment.

*(iii) Pendent claims*

▮ All pendent claims against the UPR must be dismissed since the UPR is an "arm" of the Commonwealth,[9] therefore protected by the Eleventh Amendment's bar to bringing suit in federal court against a state by a citizen thereof. *See* U.S. Const. amend. XI;

*Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Furthermore, no clear and express waiver of such immunity is found in any of the statutes which form the basis of plaintiff's claims. *See Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 239–40, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985).

The pendent party tort claim against codefendant Héctor M. Quiñones must also be dismissed. The same arises out of the same nucleus of operative facts as the Title VII and commonwealth law sexual harassment claims which have been dismissed by the Court. The only remaining federal claim is that for retaliation by the UPR. However, the Court does not consider the tort claim against Quiñones to be "so related" to the retaliation claim so as to warrant the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). This retaliatory incident allegedly took place almost two years later than the harassment incident.

*Conclusion*

The Court recognizes that plaintiff's Title VII sexual harassment claim is indeed a most sympathetic one. Nonetheless, plaintiff, having constructive knowledge via her attorney of the EEOC deadline to file her administrative claim, failed to file her claim within the prescribed 180–day period. The Court therefore may not entertain this cause of action. Plaintiff still has an opportunity to seek justice via her Title VII retaliation claim as well as via her Commonwealth law claims. The latter, however, must be heard by the Commonwealth Superior Court.

WHEREFORE, in view of the above, the Court **HOLDS** the following:

---

tion with *federal,* commonwealth and local agencies; and with public or private organizations, domestic or foreign, engaged in the development and promotion of matters of interest for women." (Emphasis added).

7. *See Matos–Molero v. Roche Products,* 93 J.T.S. 6, 10315–16 for a discussion of said referral process.

8. This conclusion would be the same even if the EEOC filing deadline for plaintiff's claims was 300 rather than 180 days. Taking matters one

step further, after the 180 days expired, but before the 300 days expired, plaintiff contracted the services of a private attorney to handle the instant matter. *See* Defendant's Exhibit D.

9. *See Nieves v. University of Puerto Rico,* 7 F.3d 270, 272 (1st Cir.1993); *Pinto v. Universidad de Puerto Rico,* 895 F.2d 18, 18 (1st Cir.1990); *Amelunxen v. University of Puerto Rico,* 815 F.2d 691 (1st Cir.1987); *Pérez v. Rodriguez–Bou,* 575 F.2d 21, 25 (1st Cir.1978); *Silva v. Universidad de Puerto Rico,* 817 F.Supp. 1000, 1004, 1006–7 (D.P.R.1993).

(i) plaintiff's Title VII sexual harassment claim is hereby **DISMISSED** pursuant to Fed.R.Civ.P. 56(c). Summary judgment shall be **ENTERED** in the UPR's favor as to said claim.

(ii) Plaintiff's Title VII retaliation claim is hereby held in **ABEYANCE.** The parties shall file properly supported cross-motions for summary judgment as to the issue of the timeliness of the EEOC filing on or before *December 17, 1993.*

(iii) All Commonwealth law claims against the UPR are hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

(iv) The pendent party claims against co-defendant Héctor M. Quiñones and his conjugal partnership are hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction. Quiñones and his conjugal partnership thus are no longer parties to this action.

(v) All pending motions in this case have at this juncture become **MOOT** or otherwise have been **NOTED.** If this, however, is not the case, the parties should promptly notify the Court of any pending matter.

The Clerk of Court shall enter partial judgment accordingly.

**IT IS SO ORDERED.**