Susanna J. DOGSON, Plaintiff,

v.

UNIVERSITY OF PUERTO RICO; John Doe; Entity A, Defendants.

No. Civ. 96–1661(DRD).

United States District Court,
D. Puerto Rico.

Sept. 30, 1998.

Fernando L. Gallardo, Woods & Woods, San Juan, PR, for Plaintiff.

Gustavo A. Gelpi, Feldstein, Gelpi & Gotay, San Juan, PR, James D. Noel, McConnell Valdes, San Juan, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

The defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), or alternately, for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6), (Docket No. 20). The defendant also moves for summary judgment under Fed.R.Civ.P. 56. The plaintiff did not file an opposition to the combined Motion to Dismiss and the motion for summary judgment.

Susanna J. Dogson ("Plaintiff") filed this action in which she alleged that the University of Puerto Rico ("defendant or U.P.R.") is liable for (i) breach of contract; (ii) fault and negligence and breach of duty of good faith and fair dealing; (iii) sex discrimination under Law 100, P.R. Laws Ann. tit. 29, § 146 et seq., ("Law 100"); and (iv) collection of monies.

Plaintiff seeks monetary relief from Defendant and further, that Defendant be ordered to issue a formal letter appointing Plaintiff as Chairman of the Department of Physiology and Biophysics of the School of Medicine. Plaintiff asserts three Puerto Rican causes of action. First, Plaintiff claims that there was a contractual agreement between her and Defendant whereby she became a professor of the U.P.R. with tenure and permanent status, and chairperson of the Department of Physiology. Plaintiff alleges Defendant breached an employment agreement by un-

fairly terminating the same on April 16, 1996. Plaintiff claims that an agreement was entered between her and Defendant and that the latter unilaterally, maliciously and in bad faith, with purposeful intent of causing damages to her and with fault and negligence, breached said agreement on April 16, 1996. Second, Plaintiff seeks redress under Law 100 for discrimination on the basis of sex because she alleges that the sole reason for the termination of her agreement and pre-agreement with the U.P.R. was that she is a woman.[1] Third, Plaintiff claims the collection of moneys allegedly owed her by the U.P.R. for lectures she provided as a visiting professor in March of 1995.

## I. *MOTION TO DISMISS STANDARD*

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). The pleading requirement, however, is "not entirely a toothless tiger." *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). "The threshold [for stating a claim] may be low, but it is real." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). In order to survive a motion to dismiss, a plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Id.* at 515. Although all inferences must be made in the plaintiff's favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3. This is true both as to facts, and interpretation of law. *See Litton Industries, Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir.1978) ("[O]ur focus is limited to the allegations of the complaint. The question is whether a liberal reading of [the complaint] can reasonably admit of a claim." (Internal quotations omitted)). More recently in the case of *Brown v. Hot, Sexy and Safer Productions, Inc.*, 68 F.3d 525, 530 (1st Cir. 1995), the standard was set forth as follows:

"We accept the allegations of the complaint as true and determine whether under any theory, the allegations are sufficient to state a cause of action in accordance with the law (citations omitted) ...; because only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusion or interpretation of law."

## II. *PROCEDURAL MATTER. NON CONVERSION OF MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT*

The court chooses to tackle the above captioned case using the Motion to Dismiss standard under Rule 12(b)(6) instead of the Motion for Summary Judgment standard under Rule 56. The court, thus, does not convert the Motion to Dismiss into a Motion for Summary Judgment.[2] The determination to

---

1. The claim of Plaintiff is founded on Law 100 of June 30, 1953, P.R. Laws Ann. tit 29 § 146 et seq. However, Law 100 does not apply to non-profit government instrumentalities as is the U.P.R. Defendant is a government instrumentality. It does not operate as a private business or enterprise. Only government agencies and instrumentalities functioning as "private businesses or enterprises" are within the scope of Law 100. *Cuello Suarez v. Puerto Rico Electric Power Authority*, 798 F.Supp. 876, 887 (D.P.R. 1992). Defendant does not operate as a private business or enterprise; the U.P.R., is a non-profit organization. As a non-profit organization, it renders public services directed towards offering higher education to the people of Puerto Rico. P.R. Laws Ann. tit. 18, § 601 *et seq.: See Sepulveda v. U.P.R.*, 115 D.P.R. 526, 527, 1984 WL 270919 (1984); *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 18 (1st Cir.1990); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 885, n. 6 (1st Cir.1988); *Perez v. Rodriguez Bou*, 575 F.2d 21, 25 (1st Cir.1978); *Silva v. Universidad de*

*Puerto Rico*, 834 F.Supp. 553 (D.P.R.1993); *Silva v. Universidad de Puerto Rico*, 817 F.Supp. 1000 (D.P.R.1993); *see* also *Amelunxen v. University of Puerto Rico*, 815 F.2d 691 (1st Cir.1987) (holding that U.P.R. is an instrumentality of the Puerto Rico government in light of its financial and political dependence on the Commonwealth's government). Therefore, Defendant is a non-profit government instrumentality not under the scope of Law 100.

2. Notwithstanding Plaintiff's claim that she was hired with tenure and permanent status as a professor and/or as chairperson of the Department of Physiology and Biophysics of the School of Medicine, under the summary judgment standard defendant proffered a series of unrebutted letters which tend to show that Plaintiff was not hired for either position because of budgetary constraints which impeded her hiring. Plaintiff never answered the summary judgment thus risking the summary judgment be issued by the

convert belongs to the court using a functional approach. *Garita Hotel Limited Partnership v. Ponce Federal Bank,* 958 F.2d 15, 18 (1st Cir.1992).

## III. *SUBJECT MATTER JURISDICTION WITH RESPECT TO ELEVENTH AMENDMENT IMMUNITY*

Plaintiff invoked jurisdiction pursuant to diversity of citizenship of the parties under 28 U.S.C. § 1332.

Plaintiff does not allege any claims under federal antidiscrimination law. Although Plaintiff advised the Court that she planned to add to her complaint federal civil rights claims under 42 U.S.C.A. § 1983 Title VII, she has failed to incorporate said claim. The Eleventh Amendment, to the United States Constitution, discussed below, would not be a bar to these claims should Plaintiff have filed a federal discrimination claim. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

█ Defendant claims that the Court lacks jurisdiction over this matter because Defendant is immune from suit for damages in federal court. A court is obligated to evaluate its subject matter before proceeding with a case because United States District courts are courts of limited jurisdiction. *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.).

█ Defendant is an instrumentality of the government of Puerto Rico protected by sovereign immunity in the federal courts. The Puerto Rico legislature has not waived its right to Eleventh Amendment protection. The United States First Circuit Court of Appeals and the United States District Court for the District of Puerto Rico have ruled that Defendant is an instrumentality of the Commonwealth of Puerto Rico's government. The appellate and district courts' analysis was made in light of Defendant's financial and political dependence on Puerto Rico's government, thus making it an "arm" of the state entitled to Eleventh Amendment immunity. *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 18 (1st Cir.1990); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 885, n. 6 (1st Cir.1988); *Perez v. Rodriguez Bou,* 575 F.2d 21, 25 (1st Cir.1978); *Silva v. Universidad de Puerto Rico,* 834 F.Supp. 553 (D.P.R.) ("... the U.P.R. is an 'arm' of the Commonwealth, therefore protected by the Eleventh Amendment's bar to bringing suit in federal court against a state by a citizen thereof." [Citation omitted] ); *Silva v. Universidad de Puerto Rico,* 817 F.Supp. 1000 (D.P.R.1993); *Amelunxen v. University of Puerto Rico,* 815 F.2d 691 (1st Cir.1987). In *Pérez v. Rodríguez Bou,* 575 F.2d at 25, the court succinctly stated the following:

> The extent and nature of the Commonwealth of Puerto Rico's financial support for the University of Puerto Rico and the fact that the Commonwealth appoints the governing body of the University convince us that the University is sufficiently an "arm" of the state, see generally *Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), to be immune from damage suits under the Eleventh Amendment. See *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

This court in the case of *Damaris Lugo Modesto v. Margarita Balmaceda,* Civil No. 94–2634(DRD) (unpublished) stated the following:

> The court considers warranted the conclusion that the University of Puerto Rico is an "arm of the state" and hence entitled to 11th Amendment Immunity. Evaluating the seven factors mandated at *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979), and *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Authority,* 991 F.2d 935 (1st Cir. 1993), the court agrees that the factors point to immunity. Further "financial autonomy" is the most determinative factor. *University of Rhode Island v. Chesterton,*

---

court. As stated above, however, the court chose not to convert the Motion to Dismiss into a

Summary Judgment Motion. *Garita Hotel Limited,* 958 F.2d at 18.

2 F.3d 1200 (1st Cir.1993). Although "each state university is evaluated in light of its unique characteristics," *University of Rhode Island v. A.W. Chesterton,* 2 F.3d at 1204, the court agrees with the analysis of the Hon. Magistrate Judge that the U.P.R. is not financially autonomous and, contrary thereto, receives 86% of their funding from the state, is exempt from payment of taxes and duties, and receives state funding based on a fix formula. The private funding is negligible and insufficient to operate the university. Although there are factors pointing to independence, the factors are overridden by the critical determination of lack of economic autonomy. "[W]hen indicators of immunity point in different directions the Eleventh Amendment twin's reasons ... safeguarding of the state's treasury and dignity—remain our prime guide." *Hess v. Port Authority Trans–Hudson Corporation,* 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994).

Hence, considering the factors set forth under recent jurisprudence both at the Supreme Court and at the Circuit Court levels, the University of Puerto Rico remains an arm of the state. *Pinto v. U.P.R.,* 895 F.2d 18 (1990).

■ Therefore, principles of sovereign immunity dictate that the government's instrumentalities may not be sued without their consent. *See U.S. v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) and *Manuel Gonzalez Figueroa v. United States,* 1997 WL 117750 (D.P.R.) (unpublished); *In re San Juan Dupont Plaza Hotel Fire Litigation,* 888 F.2d 940, 945 (1st Cir. 1989) ("A waiver is found only where it is manifest that waiver of the Eleventh Amendment was intended [by the legislature].").

■ Plaintiff claims alleged that defendant should be held liable for damages caused by a breach of contract. Unfortunately for the Plaintiff, the contract action claim for damages for breach of duty against the defen-

dant, an arm [or alter ego] of the state is effectively barred by Eleventh Amendment immunity. *Litton Industries, Inc. v. Hernandez Colon,* 587 F.2d 70 (1st Cir.1978). "The Eleventh Amendment effectively bars this contract action against the Commonwealth of Puerto Rico in federal court." *Id.* at 72.

Although a Puerto Rican statute authorizes tort actions against defendants, sovereign immunity likewise precludes federal jurisdiction of a tort action for damages against the government of Puerto Rico. *Litton Industries,* 587 F.2d at 72.

The Law 100 discrimination claim based on sex against the U.P.R. is also barred by the 11th Amendment. *Lipsett v. U.P.R.,* 864 F.2d at 885, No. 6.[3]

Congress has not abrogated Eleventh Amendment immunity from claims which Plaintiff seeks against Defendant. Defendant enjoys Eleventh Amendment immunity which protects defendant from suit for damages in tort, contract, and local discrimination claims. Therefore, the claims for damages, for breach of contract, and under Law 100, before this court are barred and dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

Pursuant to the above stated analysis the court hereby dismisses Plaintiff's claims, without prejudice to subsequent filing in state court, for lack of subject matter jurisdiction under the Eleventh Amendment.

**IT IS SO ORDERED.**

---

**3.** This court further has serious doubts whether there is federal jurisdiction under diversity, 28 U.S.C. 1332, because the Commonwealth of Puerto Rico and its non-profit government instrumentalities are considered "state" for purposes of diversity and, therefore, not subject to diversity jurisdiction. *Nieves v. University of Puerto Rico,* 7 F.3d 270, 272 (1st Cir.1993); *Futura Development of Puerto Rico, Inc. v. Estado Libre Asociado de P.R.,* 144 F.3d 7, 10 (1st Cir. 1998).