**COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO, Plaintiff,**

v.

**Manuel SAN JUAN, Jr., et al., Defendants.**

**Civ. No. 234–68.**

United States District Court
D. Puerto Rico.
Nov. 22, 1968.

---

2. Legislative Journal of the Legislature of Puerto Rico Vol. 20, Part I (1966).

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Brown, Newsom & Cordova, San Juan, P. R., for defendants.

## ORDER

CANCIO, Chief Judge.

This cause came to be heard on September 13, 1968, on motion of co-defendant ALVAREZ CONDE INSURANCE AGENCY, INC. to dismiss the complaint. Co-defendant's motion was a *speaking motion.* At the hearing, co-defendant adduced as grounds for dismissal the argument that the amended complaint is insufficient in that it does not allege a boycott as required by the Sherman Act, July 2, 1890, C. 647, § 1, 26 Stat. 209, as amended, 15 U.S.C. §§ 1–7, and the further argument that the complaint fails to state a claim upon which relief can be granted because the cause of action herein belongs to the members of the cooperative and not to the cooperative itself and because a cooperative, as a non-profit organization, cannot suffer pecuniary damage. Several memoranda were subsequently filed by each party. In these, co-defendant abandoned the first argument and relied solely on the second. It is the Court's considered opinion that the motion to dismiss the complaint must be denied.

Capacity to sue, under the Federal Rules of Civil Procedure, is determined by the law of the state in which the district court is held or of the state where a corporation is organized or of the state where a person is domiciled. Rule 17(b) of the Federal Rules of Civil Procedure. The plaintiff, as appears from the face of the amended complaint, is a cooperative duly organized under the laws of Puerto Rico and authorized to engage in the insurance business by the Superintendent of Insurance of Puerto Rico. Accordingly, the laws of the Commonwealth of Puerto Rico control the question of plaintiff's capacity to sue.

The Legislature of Puerto Rico has enacted an entire statutory scheme for the promotion and regulation of cooooperatives: General Cooperative Associations Act of Puerto Rico, Act No. 291 of April 9, 1946, as amended, 5 L.P.R.A. §§ 881–925. Pursuant to Section 884 of Title 5 of the Laws of Puerto Rico Annotated, a cooperative may sue and be sued in its corporate name.

Plaintiff engages in the insurance business pursuant to the Insurance Code of Puerto Rico. Under the provisions of said Code, plaintiff receives premiums, pays losses, keeps reserves and carries out the acts ordinarily carried out by insurance companies in the course of business. While profits are distributed among the members, the cooperative incurs corporate obligations and expenses, just as does any other enterprise. These expenses are paid from corporate funds. The cooperative is a distinct juridical entity apart from its members, whose liability for acts of the cooperative is limited to the value of the shares they hold. Their position in this respect is hardly dissimilar to that of the stockholders of a corporation. Damage to a corporation engaged in the business of insurance ultimately injures

the stockholders, but no one would contend that a corporation cannot sue in its own name. The plaintiff herein has the same right to relief as if it were a corporation, or any other creature of law, authorized to sue and be sued in its own name.

 Co-defendant also argues that, as a non-profit organization, a cooperative cannot suffer pecuniary damage. This is sophistry. First of all, it has not been proved that plaintiff is a non-profit organization. It is certainly not a charitable institution to which members contribute for spiritual reward. The rewards of members of a cooperative are material and pecuniary. The losses are also equally tangible. Plaintiff engages in insurance as a *business*. As such, it must make profits in order to remain viable. More importantly, however, we reject the contention that even a non-profit organization lacks a cause of action when it is harmed. Co-defendant's argument would mean that hospitals, schools and charitable foundations could be injured with impunity. This is an unconscionable position.

In support of its position, co-defendant relies on Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co., 133 F.2d 101 (8th Cir. 1942), a case which is clearly distinguishable from the situation at bar. A cooperative's right to sue has been more recently upheld in American Cooperative Serum Association v. Anchor Serum Co., 153 F.2d 907 (7th Cir. 1946), cert. denied 329 U.S. 721, 67 S.Ct. 57, 91 L.Ed. 625 (1946). In that case the defendants argued, as does co-defendant herein, that the cause of action belonged to the members of the cooperative rather than to the cooperative itself. The Court of Appeals laid that argument to rest by pointing out that any recovery, while ultimately to be distributed to the members, belonged in the first instance to the juridical entity. Any distribution to the members would have to await corporate action through the board of directors who could first use part or all of the funds recovered for payment of corporate debts or other corporate expenses. 153 F.2d 907. Accordingly, it is

Ordered, that the motion of co-defendant Alvarez Conde Insurance Agency, Inc. to dismiss the amended complaint herein be, and hereby is, denied; and, it is further

Ordered, that co-defendant serve its answer to the amended complaint within ten (10) days of the filing hereof.