**William KRESSEN, Plaintiff,**

v.

**NATIONAL INSURANCE COMPANY, Defendant.**

**Civ. No. 86–0340 (JP).**

United States District Court,
D. Puerto Rico.

Oct. 21, 1986.

---

Peter John Porrata, Old San Juan, P.R., for plaintiff.

Alex González, González & Pérez Hernández, Old San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action for proceeds on a homeowner's insurance policy, in which the plaintiff alleges the insured residence in Bayamón was burglarized on or about October 23, 1985, resulting in over $30,000.00 damages to music, video and computer equipment. Plaintiff claims jurisdiction under diversity of citizenship, 28 U.S.C. § 1332, alleging he is a citizen of New Jersey, and defendant is a citizen of Puerto Rico.

The Court has before it defendant's Motion to Dismiss for Lack of Jurisdiction and plaintiff's opposition thereto. Each party has submitted evidence in support of his motion. A hearing on this matter was tentatively scheduled for September 3, 1986, pursuant to the Initial Scheduling Conference Order. Plaintiff, by motion filed August 26, 1986, informed the Court that the parties agreed to submit the issue to this Court upon the motions and evidence. Ac-

cordingly, the Court vacated the hearing. Based upon the evidence submitted and after due deliberation, the Court now makes the following Findings of Fact and Conclusions of Law.

## I. FINDINGS OF FACT

1. Plaintiff William Kressen filed the complaint in this action in the United States District Court for the District of Puerto Rico on March 12, 1986.

2. Defendant National Insurance Company (NIC) is a corporation organized and existing pursuant to the laws of the Commonwealth of Puerto Rico.

3. On April 9, 1985, plaintiff executed a lease contract with the S.I.P.F. Corporation for a home located at 2151–L, 21st Street, Santa Rosa, Bayamón, Puerto Rico. The term of the lease was for one year, renewable by mutual agreement from year to year. There is no evidence presented that the lease was renewed. The contract required advance monthly rent in the amount of $300.00 for the first six (6) months and $400.00 monthly payment for the following six (6) months, as well as a $600.00 bond upon the signing of the contract. As party to the second part of the lease contract, plaintiff indicated he was a resident of Condado, Puerto Rico. (Defendant's Exhibit 1).

4. On December 23, 1985, plaintiff filed a complaint before the Commissioner of Insurance for the Commonwealth of Puerto Rico against the defendant herein, complaining that NIC failed to cooperate in a settlement of the insurance claim which is the subject of this action. Plaintiff stated his address was 2067 Rampla Del Almirante, Ocean Park, Puerto Rico. (Defendant's Exhibit 3, translated into English).

5. On November 2, 1984, as an incorporator, plaintiff filed with the Department of State of the Commonwealth of Puerto Rico a Certificate of Incorporation of "Distinctive Auto Ltd., Inc." The nature of the business is listed as an "Auto broker business." Plaintiff is listed among two other individuals as incorporators, with his address at Calle Pino Norte, E–17, Bayamón,

Puerto Rico. At the end of the Certificate, the three incorporators each executed a sworn statement to a Notary Public, and plaintiff's stated that he was of "legal age, [an] auto broker, and resident of Bayamón, Puerto Rico." (Defendant's Exhibit 2).

6. Plaintiff possesses an automobile driver's license issued to him by the Department of Public Works for the Commonwealth of Puerto Rico. (Defendant's Exhibit 4).

7. Plaintiff executed an affidavit on June 11, 1986, swearing that he is a legal resident of the State of New Jersey, residing with his parents at 290 Cloverdale Ct., Saddle Brook, New Jersey; that he receives all of his mail at that address; that he pays monthly in support of that residence; that he owns and pays taxes on other property in New Jersey; that he maintains an office in New Jersey; that he maintains no office or business in Puerto Rico; that he and two business associates make frequent business trips to Puerto Rico and rent an apartment there; that he and his business associates will give up an apartment they share in Puerto Rico; that he had no intention of moving to Puerto Rico, nor relinquishing his residence in New Jersey; that he maintains a classic auto restoration hobby/business in New Jersey; and that he maintains registered automobiles in New Jersey.

8. Plaintiff's father, William Kressen, submitted a statement signed on July 2, 1986, notarized in New Jersey, stating, among other things, that plaintiff has resided with him for the past several years.

9. A Robert Kressen drafted a similar statement signed on July 5, 1986, stating, among other things, that he is and has been plaintiff's business partner for the past year.

10. Between May 23, 1985, and December 4, 1985, Mr. Kressen purchased over $14,000.00 in automotive, computer, studio and other equipment from a broker in Puerto Rico.

## II. CONCLUSIONS OF LAW

■ The issue is whether William Kressen was domiciled in New Jersey or in Puerto Rico on March 12, 1986, when he filed his complaint. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile. *William v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914). The determination of a party's citizenship for diversity purposes is a question of mixed law and fact. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 702 (1st Cir.1979), and the Court may consider matters outside of the pleadings without holding a hearing. *Gibbs v. Buck*, 307 U.S. 66, 71–72, 59 S.Ct. 725, 728–29, 83 L.Ed. 1111 (1939); *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir.1982); *Hawes v. Club Ecuestre El Comandante*, *supra*, 598 F.2d at 699. 13B Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3612 at 540–41 (1984). In this instance the parties requested the Court to determine the issue without a hearing.

■ When jurisdiction is challenged by the defendant, the burden is on the plaintiff to support subject matter jurisdiction with competent proof. *O'Toole v. Arlington Trust Co.*, *supra*, 681 F.2d at 98. In this instance, the plaintiff countered defendant's documentary evidence only with his affidavit and sworn statements of his father and a business associate, who ostensibly is a family relation. A party's bare declaration of domicile, which is self-serving in nature, is accorded little weight when in conflict with objective facts. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir.1985). Nonetheless, all factors must be considered.

■ While a party may have more than one residence, he has only one domicile. *Hawes, supra*, 598 F.2d at 701. Domicile, long ago defined by the Supreme Court, is "[a] residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time." *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874); *see Hawes, supra* 598 F.2d at 701.

We return to the facts of the case, which are undisputed. Mr. Kressen maintained a residence at 2151–L, 21st Street, Santa Rosa, Bayamón, Puerto Rico, on which the subject Homeowner's Policy was issued on or about July 29, 1985. He alleges that his residence was burglarized on October 23, 1985 and that he filed an insurance claim for the loss on November 15, 1985. He further filed a complaint with the Commissioner of Insurance on December 23, 1985 alleging that defendant failed to settle the claim. Interestingly, on that complaint Mr. Kressen stated that his address was 2067 Rampla del Almirante, Ocean Park. In addition to these two residences, defendant's uncontested exhibits reveal that plaintiff maintained two other residences: (1) Calle Pino Norte E–17, Bayamón, Puerto Rico, as stated on the Certificate of Incorporation dated November 2, 1984, and on the licence records dated October 29, 1984; (2) Villamil 54, Apt. 12–B, Condado, Puerto Rico, as listed on the license records; also, on the lease contract, plaintiff stated he was a resident of Condado. In sum, between November 2, 1984, until at least April 9, 1986, Mr. Kressen maintained no less than four residences in the San Juan Metropolitan area, and during that period maintained more than one residence simultaneously.

Additionally, he has held a Puerto Rican driver's license since late 1984 and incorporated an auto broker business in Puerto Rico in November 1984, although there is no evidence in the record that the business was operating on or about the time this suit was commenced. However, plaintiff submitted photocopied purchase receipts dated between September 25, 1984 and December 4, 1985 (in order to describe the value and ownership of the property lost in the alleged burglary), revealing that during that period Mr. Kressen purchased over $14,000.00 in automotive, computer, and studio equipment. On each of the 13 receipts, Mr. Kressen lists his address as 2151–L, 21st St., Bayamón, Puerto Rico.

To counter this evidence, Mr. Kressen submitted his affidavit and two sworn statements, one from his father and another from Robert Kressen, who swears that plaintiff and he have been business partners for approximately one year. His father swears that plaintiff has resided at his home in New Jersey for the past several years; that this home has been his official New Jersey address; his business takes him from home, and his correspondence is received there. Mr. Robert Kressen swears that their base of operations is in New Jersey; in the course of business plaintiff "travels back to the United States, approximately once a month;" and that plaintiff maintains registered automobiles in New Jersey.

The Court first notes that the scope and nature of Mr. Kressen's business in New Jersey have not been clearly defined in either the pleadings or affidavits. Moreover, Mr. Kressen has not provided the name or location of his business. We are unable to determine its form, i.e., corporate, unincorporated association, or partnership, and whether it is operating. In short, with only the affidavits submitted, we are unable to determine the bare existence of such a business.

Similarly, the Court is unable to determine whether Mr. Kressen was ever a domicile of New Jersey, and if so, at what dates. The record lacks sufficient evidence for the Court to make a reasoned and principled decision regarding his status in New Jersey. Plaintiff's conclusory statements do not rise to the level of competent proof. The affidavit and sworn statements, self-serving and of little weight, *Freeman, supra,* do not rebut the documentary evidence submitted by defendant.

On these facts, the Court is unable to say that on the date in question William Kressen was a resident of New Jersey. The plaintiff has failed to carry his burden in providing competent proof to support jurisdiction. *O'Toole v. Arlington Trust Co., supra,* 681 F.2d at 98. Rather, the evidence shows that Mr. Kressen was residing and conducting business in Puerto Rico since 1984 with presumptive proof of an intention to remain here for an unlimited

period of time. *See Mitchell v. United States, supra.* Accordingly, by a preponderance of the evidence, the Court finds that, at the time of commencing suit, Mr. Kressen was a domiciliary of Puerto Rico.

For the foregoing reasons, the Court DISMISSES the complaint for lack of diversity jurisdiction.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.