**Wilfredo RODRIGUEZ DIAZ, et al., Plaintiffs,**

v.

**Marcelo SIERRA MARTINEZ, et al., Defendants.**

**Civ. No. 86–1297 (JP).**

United States District Court, D. Puerto Rico.

May 28, 1987.

Ricardo Jorgán Alvarez, Caguas, P.R., for Marcelo Sierra Martínez.

Miguel Bonilla Sierra, Cancio, Nadal & Rivera, San Juan, P.R., for Municipio de San Juan Hosp. Gen. San Carlos Corp. Insular de Seguros.

Harry Viera Villanueva, San Juan, P.R., for Patient Compensation Fund.

Juan Moldes, & Héctor Martínez Jiménez, Irizarry & Otero, San Juan, P.R., for Universidad de P.R., Dr. Charles Zierenberg.

Antonio Fiol Matta, Dept. of Justice, San Juan, P.R., for Com. of P.R.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action for negligence and medical malpractice in which the plaintiff alleges that, while driving a motorcycle, co-defendant Marcelo Sierra Martínez negligently collided with him causing serious personal injuries. He further alleges that a number of local hospitals in treating these injuries committed medical malpractice. Plaintiff, who is 18 years old, sues on his own behalf, and in the alternative, through his parents as next friends. He claims jurisdiction under diversity of citizenship, 28 U.S.C. § 1332, alleging he is a citizen of New York, and that all codefendants are citizens of Puerto Rico.

The Court has before it co-defendants Hospital San Carlos Inc., Corporación Insular de Seguros, and Municipio de San Juan's motion to dismiss for lack of diversity jurisdiction, and plaintiff's opposition thereto. At a status conference held in open Court on March 23, 1987, the parties declined an invitation to argue their respective points at a hearing on the matter and agreed to submit the issue to this Court upon the motions. It is this Court's considered opinion that the motion should be granted.

## I. FACTS

On November 21, 1984, plaintiff was driving a motorcycle through Caguas, Puerto Rico, which collided with the auto-

Charles A. Cordero, Old San Juan, P.R., for Wilfredo Rodríguez Díaz.

mobile driven by co-defendant Marcelo Sierra Martínez. Wilfredo suffered severe bodily injuries, including the following: fracture of the left leg and left tibia, dislocation of his right shoulder, multiple lacerations, and muscular back injuries, among other injuries. He was immediately taken to the Hospital Regional de Caguas, where he was transferred to Centro Médico for emergency treatment. Doctors there provided him emergency treatment, which plaintiffs allege caused Wilfredo to suffer a massive bone infection and an aggravation of his leg injury. After the infection set in, Wilfredo was transferred to Hospital General San Carlos, where plaintiffs claim Wilfredo was provided further inadequate treatment, aggravating his already exacerbated condition and creating permanent injuries. Sometime later, plaintiff was transferred to Bellview Hospital in New York City, and again transferred to another New York City hospital. Plaintiff remained in New York for treatment and, apparently, still resides in New York City and continues to receive medical treatment there. His parents, at the time of the accident, were and are now residents and domiciliaries of Puerto Rico.

## II. CONCLUSIONS OF LAW

 The ultimate issue to be determined is whether Wilfredo Rodríguez was domiciled in New York or in Puerto Rico on August 13, 1986, when the complaint was filed. We begin by restating well-settled legal principles governing the issue of citizenship. For purposes of diversity jurisdiction under 28 U.S.C. 1332(a)(1), state citizenship is the equivalent of domicile. *Kressen v. National Ins. Co.*, 648 F.Supp. 1165, 1167 (D.P.R.1986). The determination of a litigant's state citizenship for diversity purposes is a matter of federal law. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.1983); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973); *Ziady v. Curley*, 396 F.2d 873, 874 (4th Cir.1968). In a diversity suit, the capacity of a person to sue or be sued is to be determined by the law of the state of the litigant's domicile. *Stifel v. Hopkins*, 477 F.2d at 1120; *Cooperativa de Seguros*

*Múltiples de Puerto Rico v. San Juan*, 294 F.Supp. 638, 639 (D.P.R.1968); Fed.R. Civ.P. 17(b). In a suit by a minor brought by the next friend, the domicile of the minor, and not that of the next friend, is controlling for diversity purposes, *Ziady v. Curley*, 396 F.2d at 874; *Curry v. Maxson*, 318 F.Supp. 842, 844 (W.D.Mo.1970), and it is the federal common law that controls the issue of what law governs the determination of the minor's domicile. *Ziady, supra* at 874. Under the common law, the citizenship of a minor is the citizenship of his parents, and to determine whether the minor has become emancipated so that he may establish a domicile of choice, we look to the law of the state of the citizenship of the parents. *Spurgeon v. Mission State Bank*, 151 F.2d 702, 703 (8th Cir.1945). When jurisdiction is challenged by the defendant, the burden is on the plaintiff to support subject matter jurisdiction with competent proof. *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir.1982). Thus, when a plaintiff's claim of diversity is challenged, the plaintiff has the burden of proof. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 702 (1st Cir.1979).

 The age of majority in Puerto Rico is 21, and in New York, it is 18. 31 L.P. R.A. § 971 (1967); N.Y.Civ.Prac.L. & R. § 1201. At the time of the accident and his move to New York City, Wilfredo was a minor in both jurisdictions, and a resident and domiciliary of Puerto Rico. At the time of the filing of the complaint, however, he achieved majority status under New York law, but remained a minor under Puerto Rico law. Plaintiffs therefore argue that by virtue of being 18 years of age and residing in New York, Wilfredo is domiciled in New York and has the capacity to sue under his own name. But the question is not that easy, for residency is not equivalent to domicile. Furthermore, we have already concluded that the law of Puerto Rico controls the issue of Wilfredo's domicile. *See supra*. The question is whether Wilfredo has become an emancipated minor at the time of the filing of the complaint. An emancipated minor may establish a domicile of choice. *Bjornquist v. Boston*

& A.R. Co., 250 F. 929 (1st Cir.), *cert. denied*, 248 U.S. 573, 39 S.Ct. 11, 63 L.Ed. 427 (1918).

In Puerto Rico, an unemancipated minor is a citizen of the domicile of his parents.

> The domicile of unemancipated minor children is the conjugal domicile of their parents or that of the parent having "the custody" in the event only one of the parents has it.

1 L.P.R.A. § 8. *See also Rosario v. Torres*, 109 P.R.R. 1082 (1980); *Lebrón Cruz v. Heirs of Yapor Elías*, 90 P.R.R. 262 (1964). The Civil Code recognizes four methods of emancipation, one of which is most pertinent here: emancipation through grant by the parent exercising the patria potestas. 31 L.P.R.A. §§ 901, 911 (1968 & Supp.1985). The burden of proving emancipation is on the party against whom jurisdiction is challenged, that is, Wilfredo. By this method

> [E]mancipation shall take place by the declaration of the father or of the mother, or of both when they exercise jointly the patria potestas, executed before a notary public in the presence of two witnesses and with the consent of the minor.

31 L.P.R.A. § 911 (Supp.1985). However, plaintiffs have presented neither facts nor arguments to show that Wilfredo is an emancipated minor. We conclude that Wilfredo is an unemancipated minor domiciled in Puerto Rico. As an unemancipated minor, he has not the capacity to sue without the appearance of his parents, 31 L.P.R.A. § 915, who are, of course, also domiciliaries of Puerto Rico. Accordingly, this case is DISMISSED for lack of diversity jurisdiction.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.