Wilfredo **RODRIGUEZ DIAZ**, Plaintiff,

v.

Marcelo **SIERRA MARTINEZ**, et al., Defendants.

Civ. No. 86–1297 (JP).

United States District Court, D. Puerto Rico.

July 12, 1989.

Keith A. Graffam, Charles A. Cordero, Cordero, Miranda & Pinto, Old San Juan, Puerto Rico, for plaintiff.

Engadi Charneco, Rafael Mayoral, Old San Juan, Puerto Rico, for San Juan Mun. Hospital & Hosp. San Carlos.

Robert E. Montalvo, San Juan, Puerto Rico, for Corporación Insular de Seguros.

Elisa A. Fumero López, Garden Hills, Guaynabo, Puerto Rico, for Administración de Servicios Médicos de PR.

José R. García Pérez, San Juan, Puerto Rico, for Secretary of Justice of Puerto Rico.

Jorge J. López López, San Juan, Puerto Rico, for University of Puerto Rico, Dr. Zierenberg.

Dora M. Peñagarícano, Hato Rey, Puerto Rico, for Hosp. General San Carlos.

## OPINION AND ORDER

PIERAS, District Judge.

In this diversity action alleging that plaintiff was injured due to a traffic accident and subsequent medical negligence, the court has before it a motion to dismiss filed by most of the defendants citing a myriad of reasons why the claims against them should be dismissed.

I. Eleventh Amendment ·

■ Several defendants claim immunity from suit in this Court on the basis of the eleventh amendment to the United States Constitution. That amendment jurisdictionally bars the federal courts from entertaining claims for money damages against the states, including Puerto Rico, *Ramirez v. Puerto Rico Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983), without their consent. Its application to state agencies and institutions "depends upon whether the entity 'is to be treated as an arm [or alter ego] of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend.'" *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico*, 818 F.2d 1034, 1036 (1st Cir.1987), *quoting Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). *Ainsworth* held that in making this determination, courts should consider:

> local law and decisions defining the status and nature of the agency involved in its relation to the sovereign.... Among the other factors, no one of which is conclusive, perhaps the most important is whether, in the event the plaintiff prevails, the payment of the judgment will have to be made out of the state treasury; significant here also is whether the agency has the funds or the power to satisfy the judgment. Other relevant factors are whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; the degree of autonomy over its operations; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from state taxation; and whether the sovereign has immunized itself from responsibility for the agency's operations.

*Ainsworth*, 818 F.2d at 1037, *quoting Blake v. Kline*, 612 F.2d 718, 722 (3d Cir. 1979). With this background in mind, we consider each of the defendant entities.

## A. The University of Puerto Rico

■ Plaintiff's claim against the University of Puerto Rico (UPR) need not detain us long. In *Pérez v. Rodriguez Bou*, 575 F.2d 21 (1st Cir.1978) and *Amelunxen v. University of Puerto Rico*, 637 F.Supp. 426, 434 (D.P.R.) *aff'd mem.* 815 F.2d 691 (1st Cir.1986), it was held that suits in federal court against UPR were barred by the eleventh amendment. Plaintiff has not cited any change in the status of the university which would alter the outcome, so for the reasons stated in the aforementioned cases the claim against UPR must be DISMISSED, without prejudice to filing in state court, for lack of jurisdiction.

## B. Puerto Rico Medical Services Administration

■ Defendant Administración de Servicios Médicos de Puerto Rico, the Puerto Rico Medical Services Administration (ASEM or the Administration), was created by the Act of June 22, 1978, No. 66, as amended, 24 L.P.R.A. § 342 et seq. (1979 and Supp.1987). Section 4 of the act, 24 L.P.R.A. § 342b, provides:

> The Puerto Rico Medical Services Administration is hereby created as an instrumentality of the Government of the Commonwealth of Puerto Rico, attached to the Commonwealth Department of Health, independent and separate from any other administration or body created or to be created in the future in the Department of Health and which shall be under the direction and supervision of the Secretary of Health. Said Administration shall have a separate juridical personality apart from every official thereof as well as from the Government of the Commonwealth of Puerto Rico and its agencies, instrumentalities, public corporations and political subdivisions. The powers of the Administration shall be vested in and exercised by the Secretary with the advice of the Board of Participating Entities and with its consent on matters specified in section 342d of this title.
>
> The purposes for which the Administration is hereby created are public for the

general benefit of the Commonwealth of Puerto Rico; therefore, the properties and activities of the Administration shall be exempt from the payment of any kind of Commonwealth or municipal duties, tariffs or taxes, as well as from assessments.

The Administration shall also be exempted from the payment of fees required for the prosecution of judiciary [sic] proceedings, the issue of certificates in all offices of the Commonwealth of Puerto Rico and the execution and registration of any public documents in any public registry.

The Administration has the powers "to sue and be sued," 24 L.P.R.A. § 342g(a); "to establish its own administrative, personnel, budgetary, purchasing and accounting structures" in consultation with the Central Personnel Administration Office, the Department of the Treasury, the Bureau of the Budget and the General Services Administration, § 342g(c); to borrow money, with payment guaranteed from revenues generated from its operations, "provided that the Administration's debts and other liabilities shall not constitute debts or liabilities of the Commonwealth of Puerto Rico." § 342g(d); to enter into contracts, § 342g(e); and to issue tax-exempt bonds, § 342h. The Administration's funds are held in designated depositories of Commonwealth funds in separate accounts in the Administration's name, § 342k, but the Administration's budget is "integrated into the total budget of the Department of Health." § 342*l*. The Administration is funded in large part by Commonwealth budgetary appropriation, and budgetary shortfalls are compensated "through the mechanism of a transfer of funds from the resources of the corresponding government agencies." *Id.* The majority of the Administration's board is composed of Commonwealth government officials. § 342d.

In Op.Sec.Just. 1982–9 at 54, regarding the Medical Services Administration, the Puerto Rico Secretary of Justice stated:

Due to their being instrumentalities [of the Government of the Commonwealth of Puerto Rico], it is indubitable that administrative bodies with corporate personali-ty are integral parts of the Executive Branch of the Commonwealth Government, but that they differ from other bodies in said branch in that the use of the corporate fiction to perform their governmental activities has the goal of freeing them of certain restrictions that are imposed on the traditional departments of the government, gaining them certain flexibility and adaptability characteristic of private commercial enterprises. [Court's translation]

We now turn to the *Blake/Ainsworth* factors. The "perhaps … most important" factor is whether the judgment will have to be paid out of the state treasury. The statute provides (although only in the section governing the Administration's borrowing) that the Administration's debts and liabilities do not constitute liabilities of the Commonwealth, but it also provides that shortfalls in the Administration's budget will be made up out of funds from other agencies—i.e., state funds. A judgment against the Administration may not technically run against the Commonwealth, but the practical effect is that the Commonwealth would have to pay it.

As to the other factors, the Administration does have the funds and power to satisfy the judgment, although, as noted, shortfalls will then be covered by the state. The Administration performs a governmental function, rather than a proprietary one, in administering and operating the Centro Médico complex. *See Employees of the Dep't of Public Health & Welfare v. Missouri Dept. of Public Health & Welfare,* 411 U.S. 279, 284, 93 S.Ct. 1614, 1617, 36 L.Ed.2d 251 (1973). The Administration is separately "incorporated"—it has a separate juridical personality—but it is an integral part of the Department of Health. It is not autonomous over its operations: the powers of the Administration are "vested in and exercised by" the Secretary of Health, who is an official of the executive branch of the Commonwealth government. It has the power to sue and be sued and to enter into contracts, but its property is exempt from taxation, and, as noted, the sovereign has only partially immunized it-

self for responsibility for the Administration's operations.

As noted in *Ainsworth,* "the entity's financial and operational autonomy is often one of the most significant of the factors." 818 F.2d at 1037 n. 4. The Administration is only somewhat financially autonomous, since the effect of a judgment would, as a practical matter, result in the state's paying it, and due to the heavy involvement of the state's financial agencies in the Administration's budgetary and financial affairs. Operationally the Administration is part of the Department of Health and is subject to the control of its Secretary. Given these factors, it cannot be held that the Administration is not an alter ego of the Commonwealth. Therefore, this action against it is barred by the eleventh amendment, and it must be DISMISSED without prejudice to filing in state court for lack of jurisdiction.

### C. Dr. Charles Zierenberg

■ Dr. Charles Zierenberg is a physician. It is not clear from the complaint by which entity Dr. Zierenberg is or was employed, but it appears that he worked for either ASEM or UPR, both of which are immune from suit in this Court. Because any judgment against Dr. Zierenberg in his official capacity [1] will have to be paid by his employer, any claim against him in his official capacity is likewise barred by the eleventh amendment.[2] *See Edelman v. Jordan,* 415 U.S. 651, 665, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974); *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985).

### D. Municipality of San Juan

■ The municipality of San Juan is a political subdivision of the Commonwealth, and it has long been clear that municipalities, counties, and similar political subdivisions do not share their states' eleventh amendment immunity. *Mount Healthy*

*City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *County of Lincoln v. Luning,* 133 U.S. 529, 530, 10 S.Ct. 363, 363, 33 L.Ed. 766 (1890). Its motion to dismiss must therefore be denied.

### E. The Insurers of ASEM and UPR

■ The insurance companies of ASEM and UPR, defendants Sun Alliance Insurance Co. and Corporación Insular de Seguros, respectively, sued pursuant to Puerto Rico's direct action statute, 26 L.P.R.A. § 2003, contend that they share the eleventh amendment immunity of their principals. The eleventh amendment is purely a defense to jurisdiction in federal court for state defendants. It does not affect the ultimate liability of the party protected, but only determines where a suit against that party may be heard.[3] The underlying cause of action remains unaffected.

Puerto Rico's insurance code provides that "any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, *which action he may exercise against the insurer only* or against the insurer and the insured jointly." 26 L.P.R.A. § 2003(1). "Payment of such loss by the insurer to the extent of its liability therefor under the policy shall not depend upon payment by the insured of *or upon any final judgment against him* arising out of such occurrence" *Id.* § 2001. Moreover, *id.* § 2004(2) prohibits the insurer from asserting the defense of governmental immunity.

Sections 2001 and 2003 create a separate and distinct substantive cause of action against insurers without regard to whether the insured is, or can be, joined in the suit. *Fraticelli v. St. Paul Fire & Marine Ins. Co.,* 375 F.2d 186, 188 (1st Cir.1967); *Bosco v. Fireman's Fund Ins. Co.,* 171 F.Supp. 432, 434 (D.P.R.1959). The Puerto Rico

---

**1.** It is not clear from the complaint whether he is sued in his official or individual capacity or both.

**2.** Any claims against Dr. Zierenberg in his individual capacity are dismissed *infra.*

**3.** Occasionally it also determines if such a suit can be heard. *See Lane v. First National Bank of Boston,* 871 F.2d 166, 173 (1st Cir.1989) (eleventh amendment and exclusive federal jurisdiction under copyright act combine to create right without remedy).

Supreme Court has held that nothing bars an injured party from bringing a direct action against the insurer of a municipality despite the municipality's immunity. *Garcia v. Northern Assurance Co.*, 92 P.R.R. 236 (1965). The source of authorization to sue the Commonwealth's insurer is § 2003, and the Commonwealth's personal defenses are not available to the insurance company. *Cortés Román v. Commonwealth*, 106 D.P.R. 504 (1977). In any case, section 2004 is clear in denying to insurance companies any defenses of governmental immunity of their insureds. *Rodriguez v. Maryland Casualty Co.*, 369 F.Supp. 1144, 1146 (D.P.R.1971). Thus, despite the dismissal of UPR and ASEM, their insurers remain as defendants for separate causes of action based on those against the governmental entities which cannot be brought in this Court.

## II. Liability of Doctors Employed by the Government

### A. The Physicians

Dr. Zierenberg has moved to dismiss the claims against him in his individual capacity on the basis of 26 L.P.R.A. § 4105, which provides in part:

> No health service professional may be included as a defendant in a civil suit for damages due to malpractice caused in the performance of his profession while said health service professional acts in compliance with his duties and functions as an employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities and municipalities.

Dr. Zierenberg, as well as other physician defendants Garcia, Olmedo, and Hernández Maldonado (or Maldonado Hernández) not included in the motion to dismiss, are alleged in the complaint to be "agents and/or employees" of the Municipality of San Juan, ASEM, and/or UPR. All of them are covered under the foregoing statute, which requires dismissal of the claims against them. *See González Rivera v. Ramos Escada*, DCO 88–199 (D.P.R.1988); *Lind Rodriguez v. Commonwealth*, 112 D.P.R. 67, 68 (1982).

■ Plaintiff concedes as much, but contends that the quoted statute is unconstitutional in that it violates the equal protection and due process clauses of the fourteenth amendment to the United States Constitution. It violates equal protection, he says, because it discriminates against a class of negligently injured patients in favor of a class of doctors employed by the state without any reciprocal benefit. This is particularly egregious, in his view, because the class of injured patients includes mainly low-income people who must go to the public hospitals, rather than to private hospitals where a cause of action exists.

In an unreported order, Judge Fusté of this Court already considered plaintiff's contention. *See González Rivera v. Ramos Escada*, No. 88–0362 (D.P.R. Oct. 18, 1988) ("We do not intend to declare the quoted local law unconstitutional."). The Puerto Rico Supreme Court also dealt with the same challenge and upheld the statute. *Vázquez Negrón v. Commonwealth*, 109 D.P.R. 19 (1979). This Court agrees.

Plaintiff has not shown that he is a member of any "suspect class" for purposes of equal protection analysis. Thus, we must merely determine whether the statute classifies persons in a manner rationally related to legitimate governmental objectives. *See Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981). This statute classifies doctors as to whether they work for public entities, and similarly classifies patients as patients of "public doctors" and patients of "private doctors." Patients of "private doctors" can recover compensation for injuries in the normal manner, without limit, by proceeding against the doctor and/or the doctor's insurance company in court. Patients of "public doctors" must sue the agency or its insurer, not the doctor. Moreover, the agency's liability is limited, and Commonwealth agencies can only be sued in Commonwealth courts.

The ends sought to be achieved by this statute are legitimate. The legislature decided to protect "public doctors" from liability to save them the high and ever-increasing cost of malpractice insurance,

thus allowing them to work for less, saving the taxpayers money. Moreover, since some doctors could not afford the malpractice premiums, the legislature perceived a threat to the supply of medical care available, particularly to the lower-income sectors of society. By enacting the statute at issue, the legislature made a rational decision, with which we may or may not agree, to continue to require insurance from private doctors while eliminating the requirement for public doctors, with the Commonwealth instead compensating patients injured by public doctors. Thus, the equal protection challenge fails.

Plaintiff's substantive due process challenge is based on the premise that the right to compensation of patients of "public doctors" is taken away without justification. However, compensation is not denied—it just comes from a different source. That source cannot be sued in federal court due to the eleventh amendment, but compensation from the Commonwealth is still available in state court. The statute must therefore stand, and this action must be DISMISSED as to defendants Drs. Zierenberg, Garcia, Olmedo, and Maldonado Hernández.

### B.  The Physicians' Insurers

■ Corporación Insular de Seguros (CIS), Dr. Zierenberg's insurance carrier, contends that the action against it based on its insurance of Dr. Zierenberg should be dismissed as well.[4]

In *Lind Rodriguez v. Commonwealth*, 112 D.P.R. 67, 69–70 (1982), the Puerto Rico Supreme Court held that, while (as noted *supra*) the existence of the cause of action against the insurer is independent of that against the insured, there must exist a cause of action against the insured. The Court held that the statute at issue is not a personal defense, but rather the "inexistence of a cause of action." *Id.* at 69. "Since there is no cause of action against the insured, the insurer is not liable." *Id.*

at 70.  Therefore, the claim against CIS arising out of its insurance of Dr. Zierenberg is DISMISSED.

### III.  Hospital General San Carlos

■ Defendant Hospital General San Carlos and its insurer CIS contend that the complaint fails to state a claim against them upon which relief can be granted, Fed.R.Civ.P. Rule 12(b)(6), in that it alleges only the negligence of a physician who has privileges at the hospital, not the hospital itself. It is true that under Puerto Rico law a hospital is not liable for the negligent acts of physicians who only have privileges to use its facilities, *Márquez v. Martinez*, 116 D.P.R. 397 (1985), but the complaint states more than that, and for purposes of motions to dismiss the Court must accept the facts as pleaded in the complaint. The complaint states:

14. At San Carlos, Wilfredo was in a delicate and critical condition; notwithstanding, he failed to receive adequate medical treatment and care from San Carlos and/or Richard Roe, which failure was the result of the fault and/or negligence of said defendants, as particularly described hereinafter.

.      .      .      .      .

27. The permanent nature of Wilfredo's damages, injuries, and condition are due, among other particulars, to the fault and/or negligence of "Hospital General San Carlos, Inc.", its agents, employees, and servants, and/or Richard Roe, in that they had a duty to provide the adequate emergency care and subsequent proper medical treatment to Wilfredo during the time he remained under their care.

.      .      .      .      .

28. The codefendants named in the preceding paragraph advertised or, otherwise, held themselves to the general public in an express and/or implied manner that they provide adequate emergency care and subsequent proper medical

---

4.  This section only applies to the claim against CIS based on its coverage of Dr. Zierenberg, not its coverage of any of the other parties. CIS also insures UPR, the Municipality of San Juan, and Hospital General San Carlos. The claims against it based on the insurance of these parties remain.

treatment to needy or injured persons. Wilfredo relied upon such representations. The aforesaid express and/or implied warranty and/or representation and duty was breached by said codefendants because by action or omission they failed to provide adequate, proper, and timely medical care. For the negligence of their agents and/or employees and/or servants, and for their own negligence and breach of duty and representation, said defendants are liable to Wilfredo. This is adequate, under the minimal requirements of Fed.R.Civ.P. Rule 8, to state a cause of action against the hospital itself. This does not imply that plaintiff's claim can withstand a motion for summary judgment or that he will prevail at trial, only that the complaint itself, all that is before us now, states a claim.

### IV. Diversity

The defendants have also moved to dismiss the entire action, brought under the Court's diversity jurisdiction, for lack of diversity on the grounds that plaintiff was not a New York resident on August 13, 1986, the date the case was filed.[5] The evidence submitted with the motion and with the response is inconclusive, and it appears that the issue could turn on the testimony of witnesses. *See* the extensive deposition testimony submitted on the issue. Therefore, the Court ORDERS that an evidentiary hearing on the matter of diversity jurisdiction is SET for August 16, 1989, at 9:30 a.m. The parties shall file lists of all witnesses and documentary evidence they intend to use on or before August 1, 1989.

### V. Conclusion.

In sum, the claims against ASEM, UPR, and Dr. Zierenberg in his official capacity

are DISMISSED on the basis of the eleventh amendment; the claims against Drs. Garcia, Zierenberg, Olmedo, and Hernández Maldonado and the claim against Corporación Insular de Seguros on Dr. Zierenberg's coverage are DISMISSED on the basis of 26 L.P.R.A. § 4105. The motion to dismiss as to the Municipality of San Juan, Hospital San Carlos, CIS, and Sun Alliance is DENIED. A hearing on diversity is SET for August 16, 1989.[6]

IT IS SO ORDERED.

---

5. This Court previously dismissed this action for lack of diversity, holding that plaintiff, a minor under Puerto Rico law but not under New York law, retained his Puerto Rico citizenship as a matter of law in that his citizenship was deemed to be that of his parents. *Rodriguez Diaz v. Sierra Martinez,* 665 F.Supp. 96 (D.P.R.1987). That opinion was reversed by the First Circuit, *Rodriguez Diaz v. Sierra Martinez,* 853 F.2d 1027 (1st Cir.1988), but so far no determination as to whether plaintiff actually became a citizen of New York has been made.

6. The remaining defendants are Sierra, the Municipality of San Juan, Hospital General San Carlos, CIS, and Sun Alliance. Defendants Commonwealth of Puerto Rico and Administration of the Patient Compensation Fund were previously dismissed, and Manufacturer's Trust Insurance Co., Caraballo, and the Sierra/Caraballo conjugal partnership were dropped as defendants in the amended complaint.