Kate LLEWELLYN–WATERS,
Plaintiff,

v.

UNIVERSITY OF PUERTO RICO,
et al., Defendants.

No. Civ. 99–1480(DRD).

United States District Court,
D. Puerto Rico.

July 2, 1999.

Santiago F. Lampon–Gonzalez, Guaynabo, PR, for plaintiff.

Luis R. Ortiz–Segura, Pinto–Lugo & Rivera, San Juan, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

On June 9, 1999, Co-defendants, University of Puerto Rico ("UPR") and American International Insurance Company ("American") filed a joint Motion To Dismiss For Lack Of Diversity Jurisdiction (Docket No. 6), requesting the Court to dismiss the claims against UPR and American on the grounds of UPR's Eleventh Amendment immunity. (Docket No. 6). Plaintiff, Kate Llewellyn–Waters ("Llewellyn–Waters"), on June 18, 1999, filed an Opposition To Motion To Dismiss Filed By Co-defendant American International. (Docket No. 7). Concurrently, on June 18, 1999, Plaintiff filed a Motion For Leave To Withdraw Complaint Against Co-defendant University Of Puerto Rico Without Prejudice. (Docket No. 8). For the reasons that follow the UPR's and American's motion to dismiss is **GRANTED IN PART** as to Co-defendant, University of Puerto Rico and **DENIED IN PART** as to American International Insurance Company. Consequently, Plaintiff's motion to dismiss Co-defendant University Of Puerto Rico without prejudice is **DENIED.**

## BACKGROUND.

The Plaintiff, Llewellyn–Waters, is an English national and a resident of Wales, United Kingdom. In September 1997, she was attending the UPR as an exchange student and resided in the UPR's student resident building, Torre Norte, at 4 University Avenue, Rio Piedras, Puerto Rico. Her room was on the twelfth floor.

On September 22, 1997, Llewellyn–Waters left her room with the intention of leaving the dormitory. However, upon arriving at the elevator she discovered it was not functioning. She proceeded to the stairwell. The lights in the stairwell were also not working. Although the stairs themselves were wet and slippery, Plaintiff ventured downward. As Llewellyn–Waters attempted to descend to the tenth floor she slipped in a puddle of water and fell, landing about six to seven steps below. The paramedics arrived some forty-five (45) minutes later. She was brought to a hospital. From the fall she suffered four fractures to her left ankle, which was also dislocated. Her ankle was operated on two days later. Llewellyn–Waters with a cast on her left leg was discharged on Septem-

ber 26, 1997. She instituted this diversity action against UPR and its insurer American seeking recovery for UPR's negligence.

### MOTION TO DISMISS STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). The pleading requirement, however, is "not entirely a toothless tiger." *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). "The threshold [for stating a claim] may be low, but it is real." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). In order to survive a motion to dismiss, a plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Id.* at 515. Although all inferences must be made in the plaintiff's favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3. This is true both as to facts, and interpretation of law. *See Litton Industries, Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir.1978) ("[O]ur focus is limited to the allegations of the complaint. The question is whether a liberal reading of [the complaint] can reasonably admit of a claim." (Internal quotations omitted)). More recently in the case of *Brown v. Hot, Sexy and Safer Productions, Inc.*, 68 F.3d 525, 530 (1st Cir.1995), the standard was set forth as follows:

"We accept the allegations of the complaint as true and determine whether under any theory, the allegations are sufficient to state a cause of action in accordance with the law (citations omitted) ...; because only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusion or interpretation of law."

### ELEVENTH AMENDMENT

Plaintiff has sued and seeks only money damages. Plaintiff does not pray for equitable or prospective injunctive relief. The Eleventh Amendment bars suits brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. *See e.g. Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Commonwealth of Puerto Rico is considered a state for purposes of the Eleventh Amendment. *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 n. 3 (1st Cir.1993). In addition, the Eleventh Amendment has been interpreted to bar suits for monetary relief against the agencies or instrumentalities of states, *Pennhurst State School Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), and against officers of states in their official capacities, *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985); *Culebras Enterprises Corp. v. Rivera Rios*, 813 F.2d 506, 516 (1st Cir.1987). "*Ex parte Young* allows a way around the bar to federal jurisdiction erected by the Supreme Court's Eleventh Amendment jurisprudence only in cases where prospective declaratory or injunctive relief is sought under federal law.... The *Ex Parte Young* doctrine does not apply in cases where plaintiffs seek monetary relief for past violations of federal law, regardless of whether the party the plaintiffs seek to designate as a defendant is nominally a state officer sued in his official capacity." *Mills v.. Maine*, 118 F.3d 37, 54 (1st Cir. 1997) (citations omitted).

### UNIVERSITY OF PUERTO RICO

The First Circuit Court of Appeals has determined that the University of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico and as such is protected from suit in federal court by the Eleventh Amendment. *Pinto v. Universidad De P.R.*, 895 F.2d 18 (1st Cir.1990) ("University is an arm of the state within the purview of the Eleventh Amend-

ment.... University cannot be held liable for damages is clear."); *Amelunxen v. University of P.R.*, 637 F.Supp. 426, 434 (D.P.R.1986) ("Eleventh Amendment bars suit against the University for damages."), *aff'd*, 815 F.2d 691 (1st Cir.1987); *Perez v. Rodriguez Bou*, 575 F.2d 21, 25 (1st Cir. 1978) ("University is sufficiently an 'arm' of the state, ..., to be immune from damage suits under the Eleventh Amendment."). The fact that the University has the power "[t]o sue and be sued," P.R.Laws Ann. tit. 18, § 852e(13) (1993), does not strip the University of its Eleventh Amendment immunity. *In re San Juan Dupont Plaza Hotel Fire Litig.*, 888 F.2d 940, 944–45 (1st Cir.1989). Previously this Court has held that the University of Puerto Rico is an agency or instrumentality of the Commonwealth of Puerto Rico. *Dogson v. University of P.R.*, 26 F.Supp.2d 341, 343–44 (D.P.R.1998). The Court so holds again today. The Court's holding militates the dismissal of this action as to UPR.

■ Alternatively, UPR must also be dismissed from this case because Llewellyn–Waters founded the Court's jurisdiction upon diversity of the parties. UPR is an instrumentality of the Commonwealth of Puerto Rico, and as such, is insusceptible to diversity jurisdiction. *Nieves v. University of P.R.*, 7 F.3d 270, 272 (1st Cir.1993) (citing *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973)); *see Futura Development of P.R. Inc. v. Estado Libre Asociado de P.R.*, 144 F.3d 7, 10 (1st Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 338, 142 L.Ed.2d 278 (1998) (citing 28 U.S.C. § 1332(d) (Puerto Rico treated as a "state" for purposes of the statute, and therefore not subject to diversity jurisdiction.); *Nieves v. University of P.R.*, 7 F.3d at 272.); *see also Dogson v. University of P.R.*, 26 F.Supp.2d at 344 n. 3.

### AMERICAN INTERNATIONAL INSURANCE COMPANY

■ American is not in the same position as UPR with regard to the motion to dismiss. "[T]he eleventh amendment [does not] rebound[ ] to the benefit of the insurer [ (American) ] of a state agency [ (UPR) ] which is itself entitled to the immunity." *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 121 (1st Cir.1991). On the contrary, American has been sued under Puerto Rico direct action statute, P.R.Laws Ann. tit. 26, § 2003 (1966), and therefore the following applies:

"The direct action statute under which CIS was sued provides a plaintiff with a substantive claim against an insurer separate and distinct from any claim which the plaintiff may have against the insured." *See* P.R.Laws Ann. tit. 26, § 2003; *see also Rodriguez Diaz v. Sierra Martinez*, 717 F.Supp. 27, 31 (D.P.R. 1989); *Garcia v. Northern Assurance Co.*, 92 D.P.R. 245, 1965 WL 14310 (1965); *Trigo v. Travelers Ins. Co.*, 91 D.P.R. 868, 1965 WL 14346 (1965). Personal defenses belonging to an insured cannot, as a rule, be asserted by an insurer sued under the direct action statute. *See Cortes Roman v. Commonwealth*, 106 D.P.R. 708, 724 (1977) (Official Translation) ("insurer may not use the insured's personal defense of failure to serve notice inasmuch as said defense is for the exclusive benefit and protection of the State, not for the benefit of the insurers"); *see also Torres v. Interstate Fire & Cas. Co.*, 275 F.Supp. 784, 789 (D.P.R.1967). It follows inexorably, we believe, that when, as here, an insurer is sued under the Puerto Rico direct action statute, it cannot use the sovereign's eleventh amendment immunity as a defense. *Accord Rodriguez Diaz*, 717 F.Supp. at 31–32.

*Id.* at 122; *see also* P.R.Laws Ann. tit. 26, § 2004(2) (1958) ("All such insurance policies shall provide that the insurer shall not assert the defense of governmental immunity in any action brought against the insurer under or by virtue of such policy.").

Therefore, as to American, the motion to dismiss must be denied.[1]

Wherefore, the Motion To Dismiss For Lack Of Diversity Jurisdiction (Docket No. 6) requesting the dismissal of this action against UPR and American on the grounds of UPR's Eleventh Amendment immunity is hereby **GRANTED IN PART** as to Co-defendant, University of Puerto Rico and **DENIED IN PART** as to American International Insurance Company. Accordingly, Plaintiff's Motion For Leave To Withdraw Complaint Against Co-defendant University Of Puerto Rico Without Prejudice (Docket No. 8), is **DENIED.** Hence, the case against Co-defendant, University of Puerto Rico is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

---

1. For diversity jurisdiction purposes in this direct action against the insurer, American's citizenship is determined by 28 U.S.C. § 1332(c)(1). Plaintiff alleges American "is a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico." (Docket No. 1). At this motion to dismiss juncture, taking the alleged facts as true, that is enough to sustain the diversity jurisdiction of the Court.